Hoyt *against* Hudson.

IN ERROR, on a bill of exceptions, from the court of common pleas of the county of *Otsego.* This was an action of trespass, brought by *Hudson* against *Hoyt.* The declaration contained several counts, both in *trespass de bonis asportatis,* and for an assault and battery of the plaintiff. The defendant pleaded not guilty.

It was then proved, by the plaintiff below, on the trial, that the defendant below, who was a constable, had taken the horse, saddle, and bridle of the plaintiff. The defendant then proved, that he took the goods by virtue of an execution, dated the 15th *July,* 1813, in favour of one *Higinbotham* against *Hudson,* the plaintiff below, issued by one *Kaple,* a justice of the peace in *Otsego* county, for twenty-two dollars and twenty-five cents, including costs. It appeared that the property was taken the last of *July* or first of *August,* 1813, and had been levied on previous to the taking proved by the plaintiff. The plaintiff then proved, (the defendant excepting to the admission of the testimony,) that the defendant had before taken a sleigh or cutter, the property of the plaintiff, and had taken a receipt of *Ebenezer Hudson,* in which receipt *Hudson* had agreed, for value received, to deliver the cutter at a day and place mentioned in the receipt, or pay the defendant the sum of twenty-two dollars and twenty-five cents. The defendant then offered to prove that the cutter was not worth more than seven dollars; but the testimony was objected to, and rejected by the court; and the defendant excepted to the opinion of the court.

The defendant thereupon proved, that the cutter was not delivered up at the time and place mentioned in the receipt, and that he commenced an action on the receipt against *Ebenezer Hudson,* in which he was nonsuited, by reason of his being unable to prove the hand writing of the defendant in that suit; and that he afterwards took the goods above mentioned. The plaintiff then offered to prove, that since the commencement of this suit, the defendant had commenced an action on the receipt, and recovered and collected the amount thereof from *E. Hudson;* the evidence was objected to, but admitted by the

Where an officer has once levied, under an execution, property sufficient to satisfy it, he cannot make a second levy.

If an officer, on levying an execution, deliver the goods to a third person, on his giving a receipt to return them or pay the amount of the execution, he cannot afterwards take other goods of the defendant in execution. And in such case it is immaterial whether the property originally taken were sufficient to satisfy the execution or not; or that he had been unable to recover any thing on the receipt.

NEW-YORK, court, as an answer to the testimony given by the defendant
May, 1815. relative to the former action against *E. Hudson.*

HOYT
v.
HUDSON.

The court thereupon charged the jury, that inasmuch as be-
fore the taking of the horse, &c. the defendant had taken the
cutter, and had also taken the receipt, above mentioned, from
*E. Hudson,* and time having elasped before the taking the
horse, &c. the receipt ought to be considered as a satisfaction of
the execution, as it respected the defendant, and that the con-
stable had no right, afterwards, to take any other property
of the defendant on the execution, and therefore the plaintiff
ought to recover for the value of the goods. To this opinion
the defendant excepted: and the jury found a verdict for the
plaintiff for 51 dollars.

*Hammond,* for the plaintiff in error.

*Van Vechten,* contra.

*Per Curiam.* This case comes before the court on a writ of
error to the common pleas of *Otsego* county, upon a bill of
exceptions tendered at the trial. The general principle adopt-
ed by the court below was correct. When an officer, under
an execution, has once levied upon the property of the de-
fendant, sufficient to satisfy the execution, he cannot make a
second levy. This principle appears to be well settled. In
the case of *Clark* v. *Withers* (2 *Ld. Ray.* 1072. 1 *Salk.*
322.) it was ruled, that when a defendant's goods are seized
on a *fi. fa.* the defendant is discharged. And in the case of
*Ladd* v. *Blunt,* (4 *Mass. Rep.* 403.) it is expressly decided, that
when goods sufficient to satisfy an execution are seized on a
*fi. fa.* the debtor is discharged, even if the sheriff waste the
goods, or misapply the money. The same principle is adopted,
and, indeed, carried a little further by this court, in *Reed* v.
*Pruyn & Staats,* (7 *Johns.* 428.) where it is held, that a sheriff
cannot take a bond or other security on a *fi. fa.* and still hold
the execution in his hand, and use it afterwards to enforce pay-
ment. According to the principle here recognized, it was im-
material whether the property first levied upon was sufficient to
satisfy the execution or not, for upon such levy the constable
took security for the debt; and to which security he actually
resorted. His failure to recover in the first instance, arose
from his own negligence in not procuring testimony to prove

NEW-YORK,
May, 1815.

the hand-writing of the surety. And although the testimony, showing that the plaintiff had, since the commencement of the present suit, recovered against the surety the amount of the execution, might not be strictly admissible, yet it was perfectly immaterial, and could not alter or affect the merits of the defence set up on the other grounds. The judgment of the court below must accordingly be affirmed.

Judgment affirmed.