NEW-YORK,
May, 1823.

BANK OF
ORANGE CO.
v.
WAKEMAN.

BANK OF ORANGE COUNTY *against* WAKEMAN.

The Sheriff has not the power to discharge an execution, even by returning it satisfied, unless he proceed and execute it in due course of law.

His taking the defendant's negotiable note, receipting it as payment in full, and returning the execution satisfied, will not operate as a legal discharge of the execution, even tho' the defendant afterwards pay such note to a third person, to whom it has been transferred.

OAKLEY, moved to *enter satisfaction* upon the record in this cause. In *May term*, 1819, the plaintiff obtained a judgment for $546,99, upon which a *fi. fa.* was issued and delivered to a Deputy Sheriff in *June* following, who received $310 thereon in cash. In *November*, 1822, he took the defendant's negotiable promissory note for the balance, gave him a receipt in full of the *fi. fa.* and returned the execution *satisfied*. The note was transferred to the sureties of the Deputy, as a security against their responsibility for monies which he had converted to his own use. The defendant supposing it to be a satisfaction, gave a new negotiable note to one of the sureties, as a substitute for the first, and which was received in full satisfaction therefor. The Deputy acted without authority from the plaintiff or his attorney ; and they never had received any part of the monies due upon the *fi. fa.*

*Oakley*, said, the Sheriff had a right to receive any thing in satisfaction, the departing with which would operate to the injury of the defendant. Suppose he had received *bank bills* : these are but promisory notes, and no one will pretend that they could not be received, in satisfaction. The mere levying upon property by the Sheriff is a discharge. Here he has received a negotiable promisory note, which has probably passed into the hands of a *bona fide* holder. The question of loss is one between the Sheriff and the plaintiff, equally, as if the former had received the money, and converted it to his own use.

*J. O. Hoffman, jun.* contra, said that giving a promissory note is not payment of a debt ; but if it were otherwise, he insisted that the Deputy having acted without any *legal* or *actual* authority, the plaintiff was not bound by this proceeding, and it could not, for that reason, operate as satisfaction.—And of this opinion was the *Court*, and they refused the motion ;

placing their opinion *expressly* upon the ground that the receipt of the note in payment, and the discharge and return of the execution, by the Deputy, *satisfied*, were not in the regular and legal course of his official duty.

Motion denied.(*a*)

(*a*) This decision accords with the principle of the previous ones in this Court, though none of them, I believe, present this *precise case* of a return of the execution *satisfied*. In *Codwise* v. *Field*, (9 *John.* 263) the Coroner gave a receipt in full of the *ca. sa.* engaging to pay the plaintiff, in consideration of a debt due from the *Coroner* to the defendant. The plaintiff sued out an *alias ca. sa.* and collected the money ; and this was holden well ; whereas, had the Coroner received the money, it was agreed that this would have been a satisfaction. (Vid. *Cro. Eliz.* 208, 309. 1 *Lutw.* 588. *Cro. Eliz.* 237.) And where the officer takes security for the debt in the regular course of the execution this will be a satisfaction. (*Hoyt.* v. *Hudson*, 12 *John.* 207.) As if he levy under a *fi. fa.* and take a receipt of the goods as security for the debt; and this though the property seized be insufficient, provided the security thereupon taken be for the whole debt. (*ibid.*) And the simple act of *levying* upon goods sufficient to satisfy a *fi. fa.* will discharge the defendant, who may plead such *levy* in bar to an action of debt on the judgment. (*Id.*) and vid. *Clark* v. *Withers*, (2 *Ld. Raymond*, 1072. 6 *Mod.* 290) and *Ladd* v. *Blunt*, (4 *Mass. Rep.* 403.) Also, 9 *John. Rep.* 99. So if the Sheriff himself pay the money. (*Reed* v. *Pruyn* & *Staats*, 7 *John.* 428. *Sherman* v. *Boyce*, 15 *John.* 443.) And although, as between the Sheriff and the plaintiff, the former would doubtless be *estopped* by his return, (9 *John.* 98. 2 *Ld. Raym.* 1072. 6 *Mod.* 290,) yet the principal case decides, that the plaintiff is not.