## Ex parte LAWRENCE.

TOLL obtained judgment against Chandler, and bid off Chandler's land in Camillus, Onondaga county, on a *fi. fa.* at $30, May 8th, 1823. Drake having a junior judgment for 82 55 against Chandler and one Hopping, assigned it to Lawrence, who sued out a *fi. fa.* on which the sheriff made 43 dollars by a sale of Chandler's personal property; and then levied on Hopping's personal property to an amount sufficient to satisfy the *fi. fa.* and took a receipt for it. The sale of Hopping's property was delayed from time to time, by Lawrence's directions, till, in August, 1824, Lawrence claimed of the sheriff to redeem, as a judgment creditor of Chandler, the land sold, upon the senior judgment, to Toll; but the sheriff denied his right to redeem, and would not

A levy on personal pro-perty suffi-cient to satisfy a *fi. fa.* is an extinguish-ment of the judgment on which it issued. The judg-ment, therefore ceases to be a lien on real es-tate, and the judgment cre-ditor has no right, as such, to redeem un-der the act (sess. 43, ch. 184, s. 3.)

receive the money, or give a conveyance; and in September last, he sold Hopping's personal property, and collected the residue of Lawrence's *fi. fa.* pursuant to his directions.

A mandamus was now moved for, to the sheriff of Onondaga, commanding him to convey to Lawrence.

*G. Lawrence*, for the motion.

*B. D. Noxon*, contra.

*Curia.* Clearly this motion must be denied. The levy on the personal property of Hopping, to an amount sufficient to satisfy Lawrence's execution operated *per se*, as an extinguishment of his judgment. This has been often held. (*Clerk v. Withers*, 2 Ld. Raym. 1072. 1 Salk. 322. S. C. *Ladd* v. *Blunt*, 4 Mass. Rep. 403. *Hoyt* v. *Hudson*, 12 John. Rep. 207. *Reed* v. *Pruyn & Staats*, 7 id. 428–9.) Lawrence's judgment ceased to be a lien from the time of the levy, and of course he could not redeem. (*Matter o Hurd*, 3 Cowen's Rep. 35. *Matter of Marsh*, id. 69.)

Motion denied