## COLTON & ULMAN vs. CAMP.

THIS was an action of trover to recover the value of a quantity of household furniture, tried at the Erie circuit in April, 1828, before the Hon. JOHN BIRDSALL, one of the circuit judges. A verdict was taken for the plaintiffs, subject to the opinion of this court on a case to be made. On the 11th August, 1826, the property in question was levied upon by one of the deputies of the defendant, who was sheriff of the county of Erie, by virtue of an execution returnable on the 19th August, issued on a judgment obtained in this court, in favor of plaintiffs of the names of Colt and Bagley, against A. Deautremont. On the 28th August, the deputy received a letter from Colt, one of the plaintiffs, dated on the 25th, in these words : " There has been an arrangement made with Mr. R. M. Bagley and myself, respecting the execution placed in your hands, against Alexander Deautremont ; and Mr. Hugh M'Gee, or some person for him, will give you directions about it, so as either to have it taken out of your hands, or else to have it returned. You will take care and see that the costs, whatever they may be, are paid by Mr.

linquishment valid, as the sheriff had no right to discharge the execution without satisfaction of the judgment.

*Where a sheriff misconstrues instructions received from a plaintiff in an execution, and relinquishes property on which he had levied, he may, after the return day of the execution, re-take the property, though, in the mean time, it has been transferred by the defendant to other creditors for pre-existing debts, but who have not taken possession of the same. The payment of the sheriff's fees on such execution, does not render the re-*

ALBANY,
Oct. 1828.

Colton
v.
Camp.

Deautremont, so as not to leave any claim to be paid, either by myself or Mr. Bagley." On the 29th August, Deautremont executed a bill of sale of the property in question, to the plaintiffs in this cause, in trust for certain creditors to whom he was indebted. Previous to taking the bill of sale, Ulman, one of the plaintiffs, inquired of the deputy sheriff, who held the execution in the suit in favor of Colt and Bagley, whether he had any lien on the property of Deautremont, who answered that he had not, except for his fees on the execution ; that when those were paid, he would have no further claim upon the property. Ulman give his note to the deputy for $10, which the deputy accepted in full of his fees. After the deputy had received the note, he shewed the letter he had received from Colt, to the attorney of Ulman, in the presence of Ulman, and Wilcox, one of the creditors for whose benefit the bill of sale was subsequently executed, and observed that he thought he was authorized to return the execution. On the 31st August, the deputy sheriff, by the direction of *Hugh Mc-Gee*, took possession of the property, by virtue of his previous levy, and removed it from the house of Deautremont.

The judgment in favor of Colt and Bagley was admitted to have been duly obtained, and the execution under which the levy had been made was read in evidence. The defendant then offered to prove, that subsequent to the levy under the said execution, and previous to the date of Colt's letter, the judgment and execution were assigned to McGee ; that on the 31st August, McGee required the deputy to hold the property, notwithstanding the relinquishment he had made to the plaintiffs ; that the plaintiffs and the creditors for whose benefit the bill of sale had been executed, were apprised of the contents of Colt's letter previous to the execution of the bill of sale ; and that the deputy relinquished his claim upon the property, only in consequence of *the supposed permission given thereby to do so.* This evidence was objected to, and rejected by the judge as insufficient to support the defence, unless the defendant further offered to prove that the deputy, or the persons claiming under the bill of sale, had notice of the assignment of the judgment previous to the re-

linquishment of the property by the deputy. The judge fur-
ther decided, that the deputy was authorized, by the letter,
to relinquish the lien created by the levy : to which decision
the defendant expected. Whereupon, a verdict was taken for
the plaintiffs, for the value of the furniture, subject to the
opinion of this court.

*H. Shumway*, for plaintiffs. The defendant is bound by the
act of his deputy. The transaction between the plaintiffs
and the deputy was not a mere conversation in reference to
the property, but a full and entire relinquishment of all claim
that the sheriff had by virtue of the levy, for a valuable con-
sideration paid by the plaintiffs.

The sheriff having released the property, of which release
the defendant had notice, and the property having passed in-
to other hands, the sheriff could not, after the return day of
the execution, re-take the property. It had ceased to be in
the custody of the law. The plaintiffs were not bound to in-
quire into the authority of the sheriff for releasing the proper-
ty : it was sufficient for them that it was freed from the levy ;
and if the sheriff exceeded his authority in relinquishing the
lien he had upon it, the party must seek his remedy against
the sheriff, and not against the property. A voluntary sur-
render of property, after a levy under a *fi. fa.*, is equivalent to
a voluntary escape on a *ca. sa.* In neither case can the sher-
iff subsequently enforce the same execution ; and especially
ought he not to be permitted to retake property voluntarily
surrendered, where the rights of third persons have attached.

*H. White*, for defendant. Had the evidence offered been
received by the circuit judge, it would have appeared that
the plaintiffs had the same means of judging of the purport
of Colt's letter that the deputy had ; and that the relinquish-
ment of the property by the deputy was founded solely upon
that letter, which did not authorize it.

If the relinquishment was effectual, so that a subsequent
taking was not lawful, then the defendant in this cause is not
liable for the act of his deputy, in levying upon property af-
ter the return day of the execution. (2 *Phil. Ev.* 117, *n. a.*)

*By the Court,* SUTHERLAND, J.   If the letter from Colt to
Pratt, the deputy sheriff, of the 25th August, 1826, authoriz-
ed him to relinquish the levy made by him upon the goods in
question, then that relinquishment was valid and efficacious,
although the judgment and execution may, previously to the
date of the letter, have been assigned by Colt and Bagley to
McGee.   Notice of such assignment had not been given to
the deputy sheriff or to the present plaintiffs.   The sheriff was
bound to obey the instructions of the plaintiffs in the judg-
ment and execution, until he received notice that they had
parted with their interest in the same.

The material question, then, appears to me to be, whether
the deputy sheriff was authorized to relinquish the lien ac-
quired by his levy ? for if he was not, I should be very clearly
of the opinion that the act was entirely nugatory, and could
not, in any manner, affect or prejudice the rights of the plain-
tiffs in the execution, or of their assignee ; that the lien still
remained, notwithstanding the declaration of the deputy sher-
iff that he relinquished it ; and that the sheriff or the deputy
would be justified in subsequently enforcing the execution
against the same property.   A sheriff cannot discharge an
execution without payment.   If he returns the execution
satisfied upon receiving the defendant's *note* instead of *mon-
ey,* it is no satisfaction of the judgment or execution.   (*Bank
of Orange* v. *Wakeman,* 1 *Cowen,* 46, 7, note a.   *Mumford* v.
*Armstrong,* 4 *Cowen,* 553.)   The plaintiffs in this case ac-
quired no right under the sheriff.   The deputy having de-
clared that he was authorized to withdraw the execution
and discharge the property on payment of his fees, they
took an assignment of the property *from the defendant in the
execution,* in payment of a pre-existing debt.   They advanc-
ed no money upon the faith of the declaration of the deputy,
nor was the execution returned satisfied, nor the condition or
situation of the property in any respect changed, between
the 29th of August, when the declaration of the deputy
was made, and the 31st, when he again took the proper-
ty, or resumed his control over it ; for it does not appear
to have been actually taken possession of, or received by
the plaintiffs.   If, then, the deputy found he had miscon-

ceived the instructions of the plaintiffs in the execution, he appears to me to have done no act which precluded him from enforcing the execution. It cannot be pretended, that the payment of the sheriff's fees was a consideration for the act of the deputy, which could render it obligatory, if it would not otherwise have been so. The plaintiffs knew the deputy sheriff had no right to discharge the execution without satisfaction, unless he had instructions so to do from the plaintiffs in the judgment; and in acting upon the faith of the declaration of the deputy that he had such instructions, they acted at their peril. I am inclined to think, that the letter did not authorize him to discharge the execution. *It informs him that an arrangement had been made with the plaintiffs respecting the execution, and that Mr. Hugh McGee, or some person for him, would give him directions about it, so as either to have it taken out of his hands, or to have it returned; that he must see that the fees are paid, so that the plaintiffs in the execution need not have them to pay.* The fair construction of this letter appears to me to be, that the plaintiffs had parted with their interest in the judgment to McGee, and that McGee would instruct the deputy what to do with the execution, and then it intimates what those instructions would probably be. But after the deputy was informed that his instructions were to come from McGee, it was absurd for him to suppose that Colt intended to direct or control his conduct in relation to the execution, holding a letter showing that he had no right to do so. In this view of the case, the evidence offered by the defendant, that the judgment had actually been assigned to McGee, and that the instructions to the deputy under which he acted were known to the creditors who took the assignment of the property from the defendant in the execution, was material, and ought to have been received. As this case, however, is subject to the opinion of the court, instead of granting a new trial, judgment must be entered for the defendant.

Judgment for defendant.