Peck, J.
delivered the opinion of the court
There is no rule of law better established than that the levy of an execution on the property of the debtor, sufficient to satisfy the demand, is in law a satisfaction of the judgment. The ruléis founded on reasons obvious to every lawyer. It cannot be tolerated to let an officer exercise the discretion of abandoning at his pleasure the property he has seized; nor can it be permitted that the plaintiff in the execution shall, by his order or assent, change the direction which the law affixes to final process in the hands of her officers.
The road to justice should be uniform and even-handed. When the plaintiff selects his mode, and gives direction to the instruments which the law affords as a mean of attaining his rights, they must be pursued to the end; otherwise trespasses and oppressions may follow; all of which might be supposed to be justified under color of the process the officer or the plaintiff abused.
Our system of laws, in accordance with the dictates of common honesty, provides that the property of the principal debtor shall, if possible, in all cases be made to satisfy the demand. Act of 1820, ch. 151.
All the above rules have been departed from, without any apparent reason for it, in this case. The first execution, the forthcoming bond, the property seized, and *299 the person primarily liable, have been abandoned, and an alias sued out to another county, on which a new series of operations are commenced.
It is no plea for the plaintiff in execution, that the property was not delivered on the forthcoming bond, for the act of 1801, ch. 13, directs that if the bond be forfeited, a new levy, by virtue of the same execution, shall be levied on the property of both the principal and security in such bond, and that thereupon the officer shall proceed to make the money.
But to return to the question which is decisive of this case, to wit, is the levy to be taken in law as a satisfaction of the execution? To sustain the affirmative of this proposition, the authorities are ample. 2 Lord Ray. 1072. 1 Salk. 322. 4 Mass. Rep. 403. 7 John. Rep. 428. 12 John. Rep. 207.
In Virginia, and in our own courts, the levy has been taken as a satisfaction, and the debtor discharged from the judgment, even though the property be wasted by the officer. Taylor vs. Dundas, 1 Wash. Rep. 92. This case is strong in point with the case before us. In the case of Pigg vs. Sparrow, (3 Hay. Rep. 144) this point has been ruled without a dissenting voice in the court.
The question made as to the effect of the indulgence given by the plaintiff, is not material now to be considered.
Is the certiorari a proper remedy in such a case? We are of opinion it is. Peck’s Rep. 362.
The judgment of the circuit court, quashing the alias execution, must be affirmed.
Judgment affirmed.