HOLBROOK AND OTHERS *v.* CHAMPLIN.

WHERE a judgment debtor, on a levy, gives a note with collaterals, and thereupon goods seized, and which would have been sufficient, are restored, and he promises to pay the note out of a particular fund, but makes default, the judgment is not to be considered as satisfied, even though a receipt has been given expressive of the note, " *being amount of judgment recovered against him, &c.*"

Sept. 7th. *Mr. Bonney*, for the complainant.

*Mr. Hastings*, for the defendant.

THE ASSISTANT VICE-CHANCELLOR :—This is a judgment creditor's bill containing the usual allegations.

The defendant sets up, by way of defence, that previous to the issuing of the executions set forth in the bill, a *fi. fa.* had been sued out upon the judgment, under which the sheriff levied upon and took a large amount of personal property belonging to the defendant far exceeding in value the sum of money named in the execution, and that after the making of such levy, the complainant's attorney did accept from the defendant his promissory note for the amount of the judgment, and also divers promissory notes of other persons, as collateral security for the payment of such note, and thereupon countermanded such execution.

Again, it is averred that it was expressly agreed and understood between the said attorney and the defendant, that the giving of the defendant's note, and the collateral notes should be in full satisfaction of the said judgment.

The testimony of Mr. Wright contradicts the averment of a satisfaction of the judgment being asked for or intended. The receipt has not, in my opinion, any such legal operation as to discharge it.

The phrase " being amount of judgment recovered " against him, &c.," relates to the sum, not to the security.

The important questions then are, as to the effect of the

arrangement made with the attorney of the complainant and the countermand of the execution.

The note of the defendant and the collateral notes were taken avowedly as security only.  The consideration was a countermand of the execution, not a satisfaction of the judgment.  The inducement was held out by the defendant that he would be embarrassed in settling with the insurance company, if the levy was proceeded with.  And he made an express promise that he would pay his note out of the insurance money.  It is very clear that the acceptance of the new securities did not of itself release the judgment.

But it is insisted that the levy which was made, coupled with the acceptance, has that effect.  At the time of taking the notes, the levy had actually been made, but Wright swears expressly he was not apprized of it.  The testimony of Quackenboss, the sheriff, does not contradict him.  I assume that the property levied upon was sufficient to pay the debt.  It is a general rule that a levy under an execution upon property sufficient to pay the debt, is a satisfaction of the judgment.  The question is, whether the present case is one within any of the recognized exceptions to this rule.

After carefully reading the leading authorities which have been cited, I am of opinion that the principle to be found in them takes this case out of the rule.  A formal levy had been made, but the goods were restored to the debtor, upon his own application, in consequence of his own representations, and by means of a pledge which he violated.  It seems to me impossible that he should be allowed to profit by a technical rule under such circumstances. (*Michles* v. *Harkins*, 11 *Wendell*, 125, and *Wood* v. *Torrey*, there cited.  *S. C.* 6 *Wendell*, 562.  *Hoyt* v. *Hudson*, 12 *Johns.* 207.  *Ex parte Lawrence*, 4 *Cowen*, 417.  *Clerk* v. *Withers*, 2 *Ld. Raym.* 1072.  *Ladd* v. *Blunt*, 4 *Mass.* 403.)

There must be the usual decree for payment and a receiver.  Upon discharging the balance due, the collateral notes held by the complainant to be delivered up.