# Alexander G. McNutt *v.* Wilcox and Fearne.

After the holder of a promissory note has fixed an accommodation indorser with notice, and proceeded against him to judgment, he becomes a *principal*, and is not entitled to the aid of a court of equity as a *surety*.

Where two judgments were obtained on the same note, the one against the maker and the other against the indorser, and the execution against the maker was levied on slaves, and indorsed in the following words, "Received $16,334 57, in the notes of the Citizens' Bank of Madison county, which is ready if the plaintiff will take it. S. M. Flournoy, Sheriff,"—held by the court, that this was not a satisfaction of the execution, and that the plaintiff might prosecute his judgment against the indorser, and make the money out of him.

A levy is a *prima facie* satisfaction of an execution; but if the levy afterwards proves to be insufficient, this presumptive evidence fails.

Where two judgments are obtained against different parties, on the same liability, a levy on the property of one defendant does not discharge the judgment against the other. Nothing but an *actual satisfaction* of one of the judgments will discharge the other; and even in that case the plaintiff may have execution for costs against the latter.

On the 22d of January, 1835, A. G. McNutt became the accommodation indorser of James C. Mitchell, on a promissory note given by him to Pinckard and Arnold, for the sum of thirteen thousand and thirty-three dollars, Mitchell having bought slaves of Pinckard and Arnold to that amount. This note was transferred to Wilcox and Fearne, and they brought suit on the same against McNutt alone. On the 12th day of April, 1836, Mitchell, the maker of the note, confessed judgment on the same, and an execution issued on said judgment, and was levied on twenty-five slaves, the property of Mitchell. Mitchell executed a forthcoming bond, according to the statute, which was returned forfeited, and an execution issued thereon upon the 10th of January, 1837, which was enjoined. This injunction was dissolved, and on the 3d of April, 1838, a third execution issued, which was levied on twenty-one slaves of Mitchell, which were not sold for want of bidders. A *venditioni exponas* then issued, commanding said slaves to be sold, which was returned by the sheriff

with the following indorsement: "Received $16,334 in the notes of the Citizens' Bank of Madison County, which I am ready to pay over, if the plaintiffs will take it."

On the 11th day of April, 1836, judgment was rendered against McNutt on said note. Upon this judgment execution issued, and a forthcoming bond was executed, which was returned forfeited on the 25th of April, 1837. In May, 1837, McNutt sued out a writ of error *coram nobis*, in the circuit court of Warren county, which was decided against him, and from which decision he took an appeal to the High Court of Errors and Appeals. This court affirmed the judgment of the court below, and on the 11th of April, 1839, execution issued against McNutt and his sureties in the appeal bond. On the 19th of April, 1839, McNutt filed his bill in chancery, charging that the slaves levied on under the execution against Mitchell, were sufficient to pay the debt, and that the said levy was a satisfaction of both judgments. The bill prayed for an injunction, restraining the sheriff from selling his property under the execution against him, which was granted by W. L. Sharkey, Chief Justice of the High Court of Errors and Appeals. At the December term, 1839, the cause came on for hearing on bill and answer.

ANDERSON and BRIAN for complainant.

G. S. and J. S. YERGER for defendants.

THE CHANCELLOR.

There are two judgments at law on the same note; one against Mitchell, and the other against the complainant, as his indorser. McNutt enjoined the judgment against him, alleging that a levy had been made upon the property of Mitchell, who gave a forthcoming bond, which was forfeited, and that a new execution issued thereon, which was levied on twenty one negroes that were unincumbered, and sufficient to pay and satisfy the debt.

The answer of one of the defendants (Wilcox) admits the note, judgments, executions, levies, &c., and states that he does not know any thing about the title to the negroes, nor whether they were sufficient to pay the debt or not. The sheriff returned,

"Received $16,334 in the notes of the Citizens' Bank of Madison County, ready to be paid if the plaintiff would take them."

The defendants insist that the levy on Mitchell's property is not a satisfaction, and that nothing but an *actual satisfaction* of the debt itself can discharge McNutt, and then not as to the damages on the affirmance; that they have a right to pursue both judgments until there is a final satisfaction of the one or the other; that McNutt became a principal by reason of the judgment against him.

In case of Lennox *v.* Prout, 3 Wheaton, 525, the Supreme Court of the United States decided, that after the holder of a note had fixed an accommodation indorser with notice, and proceeded against him to judgment, he became a *principal*, and was not entitled to the aid of a court of equity as a *surety.*

The only question then, in this case is, whether the levy upon Mitchell's property, and the steps in connection with it, amount to a satisfaction of the debt against Mitchell; if so, it amounts to a satisfaction of the judgment against McNutt. The general rule, that a *levy* is a *prima facie* satisfaction of the execution as between the immediate parties to it, is recognized by all the books, and seems to be admitted by the defendants in this case. But it is only *presumptive* evidence as between the immediate parties themselves, and if the levy afterwards proves *insufficient*, that presumption fails. I can find no case, where upon separate judgments rendered against two or more persons upon the same *liability*, it has been held that a levy upon the property of one, would amount to a discharge of the judgment against the others. On the contrary, it has been distinctly held, that nothing but an *actual* satisfaction in the *one*, would operate a discharge in the others.

In the case of Dikes *v.* Mercer, quoted in 2 Ld. Raymond from 2 Showers, where there was a judgment against one of the several obligors, a *fieri facias* and seizure of property to the value returned, but not sold, nor the money paid, this was pleaded to an action brought against the other obligor, and it was held that it was no bar to the action, and that nothing but actual satisfaction would discharge the second obligor.

I fully approve of its reasoning and recognize the principle of

that case. It remains then to be seen whether the pleadings and exhibits in this case show an *actual satisfaction* of the judgment or execution against Mitchell, and upon this feature of the case I confess I have had some difficulty in arriving at a satisfactory conclusion.. The *venditioni exponas*, a copy of which is made an exhibit in the answer, leaves it extremely doubtful as to what action was had under that process. There is nothing on it, nor any *return* by which it appears whether the property mentioned in it was sold or not; there is the simple indorsement that he "received $16,334 in the notes of the Citizen's Bank of Madison county, which he is ready to pay over, if the plaintiff will take it," without stating from *whom* the *notes* were received, whether in satisfaction by sale of the property, or in any other way. Bank notes of the Citizen's Bank of Madison county may have been intended, but this is an intendment which the court cannot make; the sentence being in itself intelligible, plain and unambiguous, without such intendment. Suppose then these notes were received in *satisfaction* of the judgment, which however does not appear, would they amount to a *legal* satisfaction? In the case of the Bank of Orange County *v.* Wakeman, in 1 Cow. 46, where the sheriff took the defendant's negotiable promissory note, gave a receipt in full, and returned the execution satisfied, the court held that the sheriff having acted without any *legal* authority, the plaintiff was not bound by the proceedings, and that it could not for that reason operate as satisfaction,—placing the decision *expressly* upon the ground that such a course on the part of the sheriff was not within the regular and legal course of his duty. This case is, I apprehend, decisive in the present motion. Even if the judgment against Mitchell had been actually satisfied, it would constitute no ground for enjoining the judgment against McNutt, so far I mean as the *costs* and damages in the suit against him are concerned.

The injunction must be dissolved, but without damages.