## HENRY P. VOORHEES et al. vs. DAVID GROS.

A levy upon sufficient personal property to satisfy the execution, voluntarily relinquished by the Plaintiff, (such as excepting a promissory note, taken by the sheriff for the amount) is an extinguishment of the judgment, as to a subsequent *bona fide* purchaser, for a valuable consideration, of lands bound by the judgment.

As between the Plaintiff and Defendant, a levy may be made and abandoned without extinguishing the judgment.

*Montgomery Special Term, December,* 1848. *Motion by a bona fide purchaser of real estate under a junior judgment for a perpetual stay of execution.*—The Plaintiffs in this cause obtained a judgment which was docketed January 16, 1838, on which an execution was issued January 18, 1838, to the sheriff of Montgomery county. The sheriff levied on personal property of Defendant for the amount on the 7th of April, 1838, and received an endorsed note for $125, and $4.84 costs, and then relinquished his levy and returned the execution written across it "settled," which was the only return made by the sheriff. The note was not paid, but subsequently a judgment was obtained upon it, against the maker and endorser. On the 10th of October, 1838, all the real estate of the Defendant, D. Gros, was sold on junior judgments and purchased by J. D. Gros, (who appeared here as the moving party) and by him sold by warranty deed. In the summer of 1847, the Plaintiffs in this cause issued a new execution on their judgment and advertised to sell the real estate of D. Gros under it, September 21, 1847, which execution J. D. Gros now moves to stay. The Plaintiffs claimed to sustain the execution on the ground that the note was taken collaterally and not in satisfaction.

GEORGE YOST, *for motion.*

H. ADAMS, *opposed.*

PAIGE, Justice.—Under the circumstances of this case, I think the levy of the deputy sheriff on personal property of the Defendant, D. Gros, sufficient to satisfy the Plaintiffs' execution is, as to J. D. Gros and his grantees, to be regarded a satisfaction of the judgment of the Plaintiffs. J. D.

Gros was a *bona fide* purchaser under junior judgments and executions, subsequent to the levy on the personal property of. the Defendant, by virtue of the Plaintiffs' execution, without any notice of the claim of the Plaintiffs that their judgment remained unsatisfied, or that it contained a lien on the real estate of D. Gros. If the Plaintiffs' levy is not to be deemed a satisfaction as to the Defendant in this execution, it must nevertheless be so deemed as to J. D. Gros, who in all respects sustains the character of a *bona fide* purchaser for a valuable consideration. The cases of *Wood* v. *Torrey*, 6 Wend. 562, of *Hoyt* v. *Hudson*, 12 John. 207, of *Ex parte Lawrence*, 4 Cowen, 417, of *Jackson* v. *Bowen*, 7 Cowen, 21, authorize this conclusion.

As between the Plaintiff and Defendant, a levy may be made and abandoned without extinguishing the judgment, the levy may be relinquished at the request of the Defendant. The personal property levied upon may be eloigned by him or fraudulently taken by him from the sheriff, or the levy may be overreached by prior lien; in all such and like cases, the levy would not be an extinguishment of the judgment. Wherever the levy fails to produce satisfaction without any fault of the Plaintiff, he may proceed to enforce the collection of his judgment by a second execution, (23 Wend. 501.) In *Green* v. *Burke*, 23 Wend. 490, a constable, who was a minor, had made a levy and then abandoned it without the knowledge or consent of the Plaintiff, to relieve himself from the consequences of his unlawful act of taking upon himself the duties of a constable while a minor. It was there held that the Plaintiff might sue out a new execution and levy upon other property; there the question was between the parties to the original judgment, and the levy failed to produce satisfaction without the fault of the Plaintiff; the case of *Green* v. *Burke* does not overrule the case of *Wood* v. *Torrey*, or the cases in 12 John. 207; 4 Cow. 417; 7 Cow. 21; but, on the contrary, these cases are cited by Judge COWEN, in *Green* v. *Burke*, with approbation. The cases in 2 Hill, 329, and in 1 Denio, 574, go no further than *Green* v. *Burke*; neither of the cases impugns the principle that a levy upon sufficient personal property to satisfy the execution voluntarily relinquished by the Plaintiff, is an extinguishment of the judgment as to a subsequent *bona fide* purchaser, for a valuable consideration, of lands bound by the judgment. In *Green* v. *Burke*, 501, COWEN, Justice, says, "the Plaintiff may, by tampering with the levy himself, lose his debt, as if he release property from arrest which is sufficient to pay the debt." But there are other reasons in this case, why the Plaintiffs should not be permitted to enforce their judgment against the land purchased by J. D. Gros. The deputy sheriff, we have

a right to infer from the affidavit, took a note from the Defendant Gros, under an agreement that it was to be received in satisfaction of the judgment, he was authorized by the Plaintiffs to give the Defendant time for the payment of the debt on his giving security. The deputy sheriff accepted this note as an adequate security. He endorsed his execution as settled, and filed it so endorsed in the clerk's office. The Plaintiff accepted the note, but, as they say, as collateral security only, they relinquished their levy and waited nine years and nearly four months before they made any attempt to enforce the collection of their judgment by a new execution, and in the mean time they enter up a judgment on the note which the sheriff received in payment of the original judgment. Under these circumstances, especially as there is no evidence of any notice having been given by the Plaintiffs to the Defendant, that they declined to receive the note as payment of the judgment, we must infer that the agreement made by the deputy sheriff with the Defendant was ratified by the Plaintiffs, and that the judgment was satisfied by their acceptance of the note upon the terms on which it was received by the deputy sheriff from the Defendant.

The fact of the great delay of the Plaintiffs, in enforcing their judgment, cannot well be accounted for upon any other ground than that the note was taken by them in satisfaction of the judgment. At all events, after so great a lapse of time, and under circumstances tending so strongly to induce a belief that the judgment of the Plaintiffs was satisfied, it will be inequitable to allow them now to enforce it against *bona fide* purchasers.

Upon another principle, the Plaintiffs ought not to be permitted to collect their judgment out of the lands purchased by J. D. Gros. A sheriff cannot take a bond or other security on a "*fi. fa.*," and still hold the execution in his hands, (7 John. 425.) The present case does not come within the case of *Bank of Orange Co.* v. *Wakeman*, 1 Cow. 46; in that case the sheriff took the Defendant's note in payment of the execution, without the authority of the Plaintiff or his attorney. Here the deputy sheriff took the note by the authority of the Plantiffs.

A rule must be entered directing a perpetual stay of proceedings on the judgment, and execution in this suit, as respects the lots of land described in the printed notice of sale, marked 1, 2, 3, being the lands purchased by J. D. Gros, as aforesaid.