Mr. Chief Justice Sharkey
delivered the opinion of the court.
The several parties to this controversy had recovered judgments against Letitia Dickson, and the sheriff having sold certain property under the several executions, for a sum not sufficient to discharge them all, returned the money into court, and moved to be instructed how to make the appropriation. Heizer, one of tt?e plaintiffs in execution, was excluded by the order of the court, and excepted.
The judgments were all recovered prior to the passage of the enrolment law, except the one for costs in the case of Dickson v. Miller, and the liens are barred by the statute of limitations *676 of 1844, more than two years having elapsed before the -levy and sale. The parties, therefore, have no judgment liens, and the question is, By what rule the right of priority is to be ascertained?
The act of 1822 bound the property of the defendant from the delivery of the writ to the sheriff. Revised Code, 197. The delivery of the process under this act, constituted a general lien on all the defendant’s property, real and personal. The act of 1824 substituted a new rule, by declaring that the property should be bound from the rendition of the judgment. The former act was not expressly repealed, but its provisions were entirely superseded by the new one. The lien which had formerly accrued by virtue of the delivery of the writ to the sheriff, was dispensed with, and abolished by implication. The act of 1824 is not repealed; it is still in force with certain modifications; the judgments must be enrolled, and in addition to that, there is a limitation on the duration of the liens. The act of 1822 is not revived. Nor is the common law rule in force. By that the goods were bound from the teste. But that was first changed by the act of 1822. Under either of these rules, the common law, the act of 1822, or the act of 1824, the party had but a general lien. The levy of the execution has always been regarded as giving a specific lien, independent of the general lien,.for. it is an appropriation of the property under legal authority. A sufficient levy is a satisfaction of the execution, and discharges the general lien. Ex parte Lawrence, 4 Cow. 417. Because a superior and more definite right has been acquired in the thing levied on. To be sure, if the levy turn out to be insufficient, the party is remitted back to his general lien, if there be any. A levy must have the same effect where there is no general lien, in conferring right. Apply this principle to the case before us, and the rights stand thus. The executions of Heizer and Fisher were both levied on the 14th of August, 1846. Of course they stand upon equal footing, and must be satisfied before Moody’s execution, which was not levied until the 17th of April, 1847. The Railroad Bank had no execution levied, and therefore has no claim to the fund. *677 The officers of court, however, have the superior claim, and must be first satisfied. They have a judgment iien, acquired by the forfeiture of a forthcoming bond on the third Monday of June, 1845, which was enrolled, and is not barred by the statute, as it was recovered after the act passed, and as to such judgments the limitation is seven years. Their execution was also levied on the 14th of August, 1846. But it is said they are not contending for the fund, and their right is not to be considered. The judgment was rendered on the motion of the sheriff, and their execution is amongst the number mentioned in the motion. It was also levied on the property, and, of course, on a proceeding like this, the rights of all parties must be considered. The court is called on by the sheriff to appropriate money, according to priority of right, amongst those persons mentioned by him. Their right appears on the record, and we could not give a judgment which would conclude them.
Judgment reversed, and judgment to be entéred according to the foregoing opinion.