By the Court. Bosworth, J.
The jury have found that the engine was not levied upon before the return day of the execution. After the return day it was substituted for the old engine which had been regularly levied upon. This substitution was made in pursuance of a previous agreement between the deputy sheriff who had made the levy, and the defendants in the execution. The consideration of the agreement for the substitution by the execution debtors, was the relinquishment by the sheriff of the old engine from the levy made upon it. If the sheriff can justify the sale of the new engine, it must be on the ground that this agreement, and the delivery of the new engine to him in pursuance of such agreement, gave him a special property in it, with authority to sell it in satisfaction of the execution, which could not be defeated by a subsequent mortgage, bond fide taken, to secure an honest and just debt. Independent of, and in the absence of any such agreement, it certainly cannot be pretended that he can hold and sell property, acquired by the execution debtor, after the return day of the execution, or by virtue of a levy made upon it after such return day.
The mortgage having been taken bond fide, to secure a just debt, and without any intent to defraud creditors, is valid against all parties except such as can show a valid prior title.
If the new engine and boilers had not been substituted for the old, could the sheriff have maintained an action against the execution debtors on their promise to make such substitution 1 The deputy was not the agent of the plaintiff in the execution, *112 in making this agreement. The sheriff would be liable to him for the value of the property, if, in consequence of relinquishing it from the levy, it should be placed beyond his power to reclaim and sell it on the execution.
The law imposes upon him the duty of safely keeping, and of selling the property according to law, and of paying to the plaintiff the proceeds of such sale. Any agreement with the execution debtor, by which he relinquishes to the debtor the possession and disposition of the property discharged from the levy, is a violation of his duty, contrary to law, and absolutely void. It was decided in Strong v. Tompkins et al. 8 J. R. 98, that a sheriff who took, on arresting a defendant, the note of a third person to the order of and endorsed by the defendant, instead of a bail bond, could not recover against the maker, notwithstanding he had paid to the plaintiff the amount of the judgment recovered in that action, and notwithstanding the note was received upon a special agreement that it should be applied to the settlement of. the demands for which the suit was brought, in which such arrest had been made. The court said that the plaintiff in that case had no right of property in the note. He was not the legal holder, because the assignment to him was a nullity; and he had no more right to sue the defendants than if the name of the payee had been forged. To give effect to such contracts would lead to the greatest abuse and oppression, and would be suffering the provisions of a very beneficial statute to be eluded.
The same principle was applied in Codwise v. Field, 9 J. R. 263; and in The Bank of Orange Co. v. Wakeman, 1 Cow. 46. Vide Burrell v. Acker, 23 Wend. 609, and 2 R. S. 286, § 60.
The principle decided in Strong v. Tompkins is, that a sheriff cannot acquire any right from an agreement contrary to law and made by him as sheriff, nor justify any act done under it, ' when the rights of third persons are in question. Unless he can justify the taking and sale of the engine under this agreement, he is without any defence, so far as that portion of the property is concerned. The levying of the execution after the return day was passed, upon property subsequently acquired, was a nullity. (West v. Shockley, 4 Harrington, 287.) Tie relinquishment of the old engine and boilers was invalid as to *113 the plaintiff, notwithstanding that, he would have the right to have it reseized and sold to satisfy his execution. (Colton & Ulman v. Camp, 1 Wend. 365.)
The cases cited by the defendant to show that a levy may be good as against the execution debtor, which would be inoperative against a junior execution creditor, or a howAfide purchaser, have no application to this case. (Ray v. Harcourt, 19 Wend. 495; Van Wyck v. Pine, 2 Hill, 666; Dresser v. Ainsworth, 9 Barbour, S. C. 620.)
The new engine was not property which in judgment of law was bound by the execution from the time of the receipt of it by the sheriff, or at any time before the return day. It was not the property of -the debtor until after the return day, and it is doubtful from the evidence, whether it was even within the city and county of Hew York before the execution had run out. There had not been, and could not have been, within the life-time of the execution, any levy, either actual or constructive.
There was therefore no levy to interfere with the right of Sheldon & Duncan to execute the mortgage. The agreement by force and virtue of which the sheriff claims the right to hold and sell the new engine under the execution, was utterly void, even as against the execution debtors, and is no answer to this action.
I think the right of the sheriff to hold the new boilers under his levy, is unimpaired by any fact proved in this case. Although the agreement for the substitution of them for the old was illegal and void, yet as they were actually levied upon before the return day of the execution, and taken in charge of the sheriff, they are as much bound by the levy as if no such agreement had been made. The validity of the levy, which it was his duty to make, is not affected by any void or illegal agreement respecting the new boilers. The sheriff claims nothing under or by reason of the agreement; whether he had made it or not, it was his duty, for aught that appears, to have levied upon these boilers. He did levy upon and sell them under the execution. Hie levy was prior to the execution of the mortgage of them to the plaintiff. Hiere is no evidence in the case tending to show, that the delay of the sheriff to sell resulted from any iu *114 struction from the plaintiff in the execution, or from any cause other than his own volition or the exercise of his own discretion. The pleadings do not show, as was insisted on the argument they did, that the notes described in the mortgage were in point of fact given at the time the mortgage bears date, and for the purpose of seeming moneys advanced to pay for the new engine and boilers. The case made does not therefore show that the plaintiff furnished the money to pay for them, and at the same time took Sheldon & Duncan’s notes for the amount, and a mortgage upon the property thus paid for, to secure the repayment of the advance, and that the title in them vested in Sheldon & Duncan simultaneously with the giving of the mortgage. What the rights of such a mortgagee upon the other facts appearing in this case would be, is a question which does not arise.
We are of opinion that the verdict should have been limited to the value of the new engine, which the jury found to be $1400, and interest on it from April 2, 1850, the time of the conversion.
The judgment entered must be modified accordingly, and a judgment entered for $1400, the valué of the new engine, with interest on that sum from April 2, 1850, until the time of entering the judgment.