ISAIAH S. WILLIAMS, Respondent, *v.* ROBERT SARGEANT, Appellant.

This court has no authority to correct any supposed errors of a jury in the assessment of damages.

The declarations and admissions of a party to the record, of any fact material to the issue, are competent evidence against him, although they are inconsistent with and tend to contradict the testimony of other witnesses called by the adverse party.

If there are any reasons for the exclusion of evidence competent in itself, growing out of the proceedings upon the trial, or the prior examination and statements of the witness, they must be pointed out and the attention of the court called to them; a general objection is insufficient. It is within the discretion of the judge at the trial, to allow a witness to be recalled and to explain, qualify, or contradict his former statements, and his decision cannot be reviewed.

Argued November 16th, 1871; decided November 20th, 1871.)

APPEAL from the judgment of the General Term of the Supreme Court of the first judicial district, affirming a judgment in favor of plaintiff entered upon the verdict of a jury.

The action is brought to recover for three horses alleged to have been fraudulently converted by defendant. The jury found the fraud, and gave a verdict for the highest valuation of the horses. Upon the trial, plaintiff called defendant's wife as a witness, who swore that she never saw one of the horses, a pony; subsequently he proved by another witness, that defendant said his wife had been riding the pony for about a year in Brooklyn. This was objected to by defendant upon the ground, that plaintiff could not contradict his own witness. Objection overruled and exception.

One of plaintiff's witnesses, upon his examination in chief, testified, that he never heard defendant say anything about having sold the pony; the same witness was subsequently recalled, and was again asked if he had ever heard defendant say anything about having sold the pony. Defendant objected generally. Objection overruled and exception. Witness answered

that defendant stated that he sold him for $400. Defendant moved for a nonsuit which was denied.

*H. Whittaker, Jr.,* for appellant. There was no evidence to sustain the complaint, and the refusal to nonsuit was error. (*Deyo* v. *N. Y. C. R. R.,* 34 N. Y., 9, 13 ; *Fellows* v. *Northrup,* 39 N. Y., 117, 119.) One cannot rescind without tendering back what he has received. (*Stevens* v. *Hyde,* 32 Barb., 171, and cases cited ; *Matteawan Co.* v. *Bentley,* 13 Barb., 641 ; *Fisher* v. *Conant,* 3 E. D. Smith, 199 ; *Rosenbaum* v. *Gunter,* id., 203 ; *Goelth* v. *White,* 35 Barb., 76 ; *Nichols* v. *Michael,* 23 N. Y., 264, 267, 272, and cases cited ; *King* v. *Fitch,* 1 Keyes, 432, 452, and cases cited.) The verdict should be set aside as against evidence. (*McDonald* v. *Walter,* 40 N. Y., 551, 553 ; *Lomer* v. *Meeker,* 25 N. Y., 361.) The damages were excessive ; the rule of damages is a fair question of law, and as such cognizable by this court. (*McDonald* v. *Walter,* 40 N. Y., 551, 553 ; Sedgwick on Dam., 5th ed., 545.)

*S. Hand,* for respondent.

ALLEN, J. This court cannot correct any supposed errors of the jury in the assessment of damages. It is not unlikely that the jury, believing that a gross and deliberate fraud had been perpetrated by the defendant, awarded a very liberal indemnity to the plaintiff, and had the Supreme Court thought the damages excessive, that court might have corrected the error, but no such discretion rests with us. There was no error in the admission in evidence of the declarations of the defendant, as to a fact material to the issue, although such declarations were inconsistent with and tended to contradict the testimony of the wife of the defendant, who had been called as a witness in behalf of the plaintiff. The declarations and admissions of a party to the record, of any fact material to the issue, are always competent evidence against him. (*Marvin* v. *Richmond,* 3 Denio, 58.) And although

a party may not impeach or assail the credibility of his own witness by general evidence, or by showing that he had previously made statements inconsistent with his testimony, he may prove on the merits by independent testimony, the truth of a particular fact in direct contradiction to the testimony of the witness. (*Thompson* v. *Blanchard*, 4 Comst., 303.)

The objection to evidence of the declaration of the defendant, that he had sold the pony for $400, which was a material fact, was general, a naked objection without a statement of any grounds for it, or reasons for excluding the evidence. The testimony was competent in itself, and if there were any reasons for its exclusion, growing out of the proceedings upon the trial, or the prior examination and statements of the witness, they should have been stated, and the attention of the court called to them. The objection was insufficient in form, but if all the reasons alleged here had been properly assigned on the trial, the exception taken to the admission of the evidence could not have been sustained. It was within the discretion of the judge at the trial, to permit a witness to be recalled to a fact in respect to which he had before testified, and to explain, qualify or contradict his former statements, and the discrepancy in the statements only affects his credibility. A court of review cannot revise or reverse the decision of the judge at the trial, in a matter properly resting in his discretion. (*Wright* v. *Wilcox*, 9 C. B., 650; *People* v. *Cook*, 4 Seld., 67.) There was no error in refusing the motion for a nonsuit. The plaintiff had given evidence tending to prove the cause of action; that the defendant, while acting as the agent and friend of the plaintiff, had falsely pretended to have disposed of the horses, and upon such representations had induced the plaintiff, to yield his claims and assent to the disposals thus claimed to have been made, when in truth the defendant had converted the horses to his own use or sold them for large prices. No error was committed by the court to the prejudice of the defendant with the jury, and if he has

suffered at the hands of the jury, he has no redress in this court. The judgment must be affirmed.

All concur.

Judgment affirmed.