GEORGE W. ROSS AND OTHERS, AS EXECUTORS, ETC., OF JAMES P. ROSS, DECEASED, RESPONDENTS, *v.* CHARLES S. CAMPBELL, APPELLANT.

*Sheriff* — *liability of, for money received by his deputy on an execution held after the sixty days, and after the sheriff's term of office has expired.*

On December 3, 1875, the plaintiff delivered an execution to one Paine, a deputy of the defendant. The defendant was then sheriff of Monroe county, his term of office expiring on the last of that month. The execution not being paid within sixty days, it was held by Paine, with the knowledge and consent of the plaintiff and the sheriff, in the expectation that the debtor would pay it later. Thereafter the debtor paid the amount thereof to Paine, who returned the execution as satisfied, in the name of the defendant, as late sheriff, but did not pay over the money so received to either the plaintiff or the sheriff.

In an action against the sheriff to recover the amount so received by his deputy, *held*, that the plaintiff was entitled to recover.

APPEAL from a judgment in favor of the plaintiffs, entered upon a verdict rendered in the Monroe County Court, and also from an order denying a motion for a new trial made upon the minutes of the judge before whom the action was tried.

Plaintiffs' testator recovered a judgment against one Thomas Stoney, in a justice's court, and after having it docketed in the County Court of Monroe county, he issued an execution thereon to the defendant, the sheriff of said county. The execution was put into the hands of a deputy by the name of Paine, December 3, 1875. The term of office of the defendant expired December 31, 1875.

The execution was not paid during the sixty days it had to run. The plaintiffs' testator, who was aware of that fact, informed the

deputy that he thought the debtor would pay it later. According to the testimony of the deputy the sheriff, upon being informed of the fact, consented that the execution be held over to see if the debtor would not pay it.

In April, 1876, the debtor paid to the deputy eighty dollars to apply on the execution.

May 6, 1876, the debtor paid the deputy twenty-two dollars in full of the amount due on the execution, and in each instance took a receipt signed in the sheriff's name by Paine, the deputy.

Subsequently, a return was indorsed on the execution, to wit : " I certify that the within execution is satisfied, C. S. Campbell, late sheriff, by D. R. Paine, late deputy." The deputy never paid over the money to the plaintiff in the execution or to the sheriff.

The sheriff never paid the money to the plaintiff in the execution or his representative. There was some evidence that he promised so to do after he became aware that his deputy had received it. There was evidence tending to establish that the sheriff consented that the execution be held by the deputy, and the question in respect thereto was fully submitted to the jury. The court charged, among other things, viz. : " In case you do not find from the evidence that the defendant knew it, and consented to Mr. Paine's holding the execution as he has testified, then your verdict will be for the defendant.

The jury returned a verdict for the plaintiffs for the amount due and received by the deputy upon the execution.

*J. S. Goslock*, for the appellant.

*George E. Ripson*, for the respondent.

HARDIN, J. :

It is well settled that the return of the sheriff, though made by a deputy, concludes the sheriff, and cannot be impeached by him. (*Sheldon* v. *Payne, Sheriff,* 7 N. Y., 453; *S. C.,* 10 id., 398.)

It is insisted, in behalf of the appellant that, because the execution was held beyond the return day, with the knowledge and consent of the plaintiff, though with the knowledge and consent

of the sheriff, that the payment, by the debtor, of the money to Paine, the deputy, and his retention of it, did not establish a liability for the money.

We think that when the sheriff consented that the execution be retained by his deputy that he stood in the same attitude as though he had himself consented to hold the execution in his hands, and to receive the money thereon. Payment of money to him upon the execution would have given rise to a *duty to pay it over to the* plaintiff in the execution or his representatives. (*Colvin* v. *Holbrook*, 3 Barb., 477, affirmed 2 N. Y., 126.) Had the defendant in the execution failed to pay the money after the return day, the request of the plaintiff that it be held beyond the return day would, doubtless, have been an answer to any claim of the plaintiff against the sheriff. But when the sheriff consented that his deputy retain the execution beyond the return day, and receive payment therefor from the debtor, he continued his liability to account for, and pay over the moneys so received by his deputy to the plaintiff in the execution or his representatives.

We are referred to *Gorham* v. *Gale* (7 Cow., 739). In that case, the departure from the ordinary course, by reason of special instructions by the plaintiff's attorney to the deputy, was not known and consented to by the sheriff. It is distinguishable from the case before us.

It is well settled by authority that the sheriff could not levy after the return day upon the property of the debtor, so as to affect the rights of *bona fide* purchasers or incumbrancers. (*Vail* v. *Lewis*, 4 Johns., 450; *Slingerland* v. *Swart*, 13 id., 255; *Shelton* v. *Westervelt*, 1 Duer, 109.)

In the case before us the money was voluntarily paid by the debtor upon the execution to the deputy sheriff, and he made a return in the name of the sheriff; and, as we have before seen, that return under the circumstance already averted to, binds the sheriff.

The exception taken to the introduction of the exemplified copy of the judgment before the justice, and the docket thereof in the county clerk's office, is unavailing. The objection was that the evidence was incompetent. It did not point out any defect in the form of the certificate and exemplification. (*Williams* v. *Sargeant*, 46 N. Y., 481; *Tooley* v. *Bacon*, 70 N. Y., 34.)

The admissions of the defendant in conversations with Paine, his deputy, about the execution and the money received on it, were properly received as evidence against the defendant. (*Williams* v. *Sargeant*, 46 N. Y., 481.)

We do not find any error in the charge, or in the refusal to charge, calling for an interference with the verdict of the jury.

They were allowed to pass upon the conflict in the evidence in respect to the knowledge of the sheriff that the execution was to be held by the deputy, and upon the question as to whether the sheriff authorized and consented to its retention beyond the return day by the deputy.

Their findings are adverse to the defendant, and the judgment entered upon their verdict must be sustained, and the order refusing a new trial should be affirmed.

TALCOTT, P. J., and SMITH, J., concur.

Judgment and order affirmed.