JEREMIAH TOOLEY, Appellant, *v.* CHLOE G. BACON, Administratrix, etc., Respondent.

Where evidence is excluded upon a mere general objection, the ruling will be upheld upon appeal if any ground in fact existed for the exclusion ; it will be assumed in the absence of any request on the part of the opposing party or the court, to make the objection more definite, that it was understood, and that the ruling was placed upon the right ground.

Where, however, evidence is received under a general objection, the ruling will not be held erroneous unless there be some ground which could not have been obviated if it had been specified, or unless the evidence in its essential nature be incompetent.

In an action for money had and received, it was alleged in the answer that the money and property in controversy was placed in the hands of defendant's intestate by plaintiff, with intent to defraud his creditors. After evidence had been given on the trial tending to sustain the answer, plaintiff, as a witness in his own behalf, was asked if he put any property in the hands of the intestate with intent to defraud his creditors. Plaintiff's counsel objected generally, and the referee sustained the objection, *held* (CHURCH, Ch. J., and ANDREWS, J., dissenting), no error ; that plaintiff was incompetent to answer under section 399, as it related to a personal transaction with the deceased, and that the objection was sufficient.

Plaintiff was also asked who was the owner of the property placed in the hands of the defendant's intestate. *Held,* that it was properly excluded on the same ground.

Plaintiff was, also, on cross-examination, asked if he did not make a certain statement to his counsel. This was objected to generally, and objection overruled. *Held,* no error ; that the objection did not present the point that the question called for a privileged communication.

(Argued May 22, 1877; decided May 29, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon the report of a referee.

This was an action for money alleged to have been paid and received by Charles C. Bacon, plaintiff's intestate. The answer alleged in substance that all moneys or property which came into the hands of said intestate, belonging to plaintiff, were transferred by the latter with intent to hinder, delay and defraud his creditors.

The referee found in substance that plaintiff conveyed to Charles C. Bacon, said intestate, in 1847, certain real estate to avoid the payment of his debts, and with intent to defraud his creditors; that Bacon sold said real estate to one Kimball, receiving another farm and certain mortgages in payment, which sale was made and procured by plaintiff with like intent; that Bacon subsequently sold the Kimball farm, and received the purchase price, which was also procured to be done by plaintiff with like intent; that Bacon well knew the object and intent of plaintiff in having the property in his, said Bacon's name. Further facts appear in the opinion.

*Z. M. Knowles*, for the appellant. The evidence offered upon the question of the intent, with which the transfer was made, was competent, and erroneously excluded. (*Seymour* v. *Wilson*, 14 N. Y., 567; *Griffin* v. *Marquardt*, 21 id., 121; *Forbes* v. *Waller*, 30 id., 625; *Bedell* v. *Chase*, 34 id., 386; *Thurston* v. *Cornell*, 38 id., 281; *Sup'd't of Poor* v. *Sup'd't of Poor*, 44 id., 22; *Fielder* v. *Darrin*, 50 id., 438, 443; *Tracy* v. *McMannus*, 58 id., 257; *Kerrains* v. *People*, 60 id., 221; *Franklin* v. *Pinkney*, 18 Abb., 186; *Willston* v. *Willston*, 41 Barb., 635, 644; *Kerr* v. *McGuire*, 28 N. Y., 452; *Norman* v. *Wells*, 17 Wend., 137, 143; *Cayuga Co. Bk.* v. *Warden*, 2 Seld., 19, 30; *Underhill* v. *Pomeroy*, 2 Hill, 603, 604; *Mabbett* v. *White*, 12 N. Y., 442; *Levin* v. *Russell*, 42 id., 251, 255; *Williams* v. *Sargent*, 46 id., 481.) It was also error to exclude the evidence offered relating to the ownership of the property and mortgages in question. (1 Greenl. on Ev., § 226; 2 Story's Eq. Jur., § 1201 and note; *Lench* v. *Lench*, 10 Ves., 517; *Boyd* v. *McLean*, 1 J. Ch., 582; *Jackson* v. *Mills*, 13 J. R., 463; *Jackson* v. *Feller*, 2 Wend., 465;

*Carr* v. *Carr*, 52 N. Y., 251, 261; *Norton* v. *Mallory*, 63 id., 434; *Carry* v.*White*, 59 id. 336, 340, 341; *Lobdell* v. *Lobdell*, 36 id., 333, 334.)

*E. H. Lamb*, for the respondent. Where it appears that property is transferred with intent to defraud the creditors of the transferer, he cannot maintain an action against the transferee to recover it or its avails. (*Bolt* v. *Rogers*, 3 Paige, 154; *Gale* v. *Gale*, 19 Barb., 249; *Chamberlain* v. *Barnes*, 26 id., 160; *Gardinier* v. *Tubbs*, 21 Wend., 169; *Nellis* v *Clark*, 20 id., 24; 4 Hill, 424; *Babcock* v. *Booth*, 2 Hill, 181.) No interest or trust resulted in favor of plaintiff, in the property transferred to Bacon, but there was one in favor of plaintiff's creditors. (3 R. S. [5th ed.] 15, §§ 51, 52; *Gilbert* v. *Gilbert*, 34 How. Pr., 142; *Garfield* v. *Hatmaker*, 15 N. Y., 475; *Brewster* v. *Pierce*, 10 Paige, 562; *Jackson* v. *Sargent*, 2 Barb. Ch., 576; 39 Barb., 625; 5 id., 51; 8 Paige, 222.) No action could be maintained against Bacon, until after a demand had been alleged and proved. (*Payne* v. *Gardinier*, 39 Barb., 634, 642; 29 N. Y., 146, 169, 171; *Downer* v. *Bk. of Charleston*, 6 Hill, 297; Story on Bail., 66, § 88; Chitty on Bills [ed. 1839], 547.)

Earl, J. It was alleged in the answer that the plaintiff placed the funds and property in controversy in the hands of the intestate for the purpose of delaying and defrauding his creditors. After the defendant had given some evidence tending to sustain this defence, the plaintiff as a witness in his own behalf, was asked if he had put any property in the hands of the intestate for the purpose and with the intent to delay or defraud his creditors. Counsel for plaintiff objected to the question, and the referee sustained the objection. No ground of objection was specified, but the course of the examination was such that it must have been understood that the objection was to the competency of the plaintiff to answer the question under section 399 of the Code, Bacon being dead. That no ground was specified is, however,

immaterial now. When evidence is *excluded* upon a mere general objection, the ruling will be upheld, if any ground in fact existed for the exclusion. It will be assumed, in the absence of any request by the opposing party or the court to make the objection definite, that it was understood, and that the ruling was placed upon the right ground. If in such a case a ground of objection be specified, the ruling must be sustained upon that ground unless the evidence excluded was in no aspect of the case competent, or could not be made so. But where there is a general objection to evidence and it is overruled, and the evidence is received, the ruling will not be held erroneous unless there be some ground which could not have been obviated if it had been specified, or unless the evidence in its essential nature be incompetent. (*Levin* v. *Russell*, 42 N. Y., 251 ; *Williams* v. *Sargeant*, 46 N. Y., 481.) We are of opinion that the ruling was right. The plaintiff could not be examined as a witness "in regard to any personal transaction or communication" between him and Bacon. The placing of property in the hands of Bacon was a personal transaction with him, and the intent with which it was done accompanied and characterized the transaction and was an element thereof. A witness examined as to such intent must, within the meaning of the Code, be held to be examined in regard to the transaction. There is the same reason for excluding the living party from testifying as to the intent with which a personal transaction with a deceased party was performed, as for excluding him as a witness to any other part of the transaction. Such evidence can generally be disproved only by what was said and done at the time of the transaction, and hence when death has sealed the lips of one party the law should seal the lips of the other.

The following questions put to plaintiff by his counsel were objected to and excluded : "Who was the owner, in fact, of the mortgage thus given to Bacon, and of the farm thus conveyed to Bacon?" "State whether there was any difference between the Kimball mortgage of $4,000 and the Pridmore-Mallory mortgage, in your relations to such mort-

gage?" "Who owned the real estate conveyed to Bacon by the Kimballs?" Aside from other obvious objections to the questions, they all had relation to the property which plaintiff had placed, or caused to be placed, in the hands of Bacon, and hence involved or related to personal transactions between him and the plaintiff, and therefore were properly excluded.

The question, "Did you say to your counsel that you never gave any mortgage to Bacon?" put to plaintiff upon his cross-examination, was not objected to on the ground that it called for a privileged communication, and no material evidence was elicited in answer thereto. Hence no error was committed in overruling the general objection thereto.

We have thus briefly examined all the exceptions to which our attention was called, and finding no errors, the judgment must be affirmed.

All concur, except CHURCH, Ch. J., and ANDREWS, J., who dissent, on the ground of the exclusion of evidence of plaintiff's intent in the transfer, holding that the question should have been answered. RAPALLO, J., absent.

Judgment affirmed.