BELLA *et al. v.* NEW YORK, L. & W. RY. CO.

*(Superior Court of Buffalo, General Term. July 12, 1889.)*

1. EVIDENCE—DOCUMENTARY.
    Under Laws N. Y. 1884, c. 421, providing that copies of official documents filed according to law with the board of railway commissioners, when legally certified by a member of the board or its secretary, may be read in evidence as if originals, and Code Civil Proc. § 933, making such copies evidence when certified by the board, or any of its officers, a report of a railway company, made to the board under Laws 1882, c. 353, offered in evidence from the printed, published report of the board to the legislature, is inadmissible, when in no manner certified, and unaccompanied by any preliminary proof.

2. TRIAL—OBJECTIONS TO EVIDENCE.
    A general objection to the admission of such evidence is sufficient.

Exceptions from trial term.

Henry Bella and others sued the New York, Lackawanna & Western Railway Company. Judgment was entered for plaintiff.

Argued before HATCH and TITUS, JJ.

*Rogers, Locke & Milburn*, for appellant. *White & Simons*, for respondents.

HATCH, J. The main questions presented by this case have been before disposed of. *Miller* v. *Railway Co.*, 3 N. Y. Supp. 245. The facts in both cases are alike, and the disposition would be the same, were it not for the ruling of the court upon questions of evidence which did not arise in the *Miller Case*. The plaintiff in this case sought to prove that the defendant had paid its lessee for the construction of the embankment from which the injury complained of arose, and for this purpose offered in evidence the reports of the defendant as they appeared in the published report of the railroad commissioners of the state to the legislature. Defendant objected to its reception, upon the ground that it was immaterial, irrelevant, and incompetent; that it was a mere report of the railroad commissioners; and that it was hearsay tes-

timony. The court overruled the objection, to which the defendant excepted, and the reports were read in evidence. The volumes from which these reports were read, were not the original reports of defendant, nor of the railroad commissioners, but purported to be copies of the latter. They therefore fall within the rule defining hearsay testimony. 1 Greenl. Ev. (13th Ed.) §§ 98, 99; Reyn. Steph. Ev. art. 14, p. 26. Such testimony is clearly not admissible, unless excepted from the operation of the ordinary rule. No statute is called to our attention, and none found, authorizing the reception of such testimony. It is not in compliance with section 933 of the Code, as these copies were not certified by the railroad commissioners themselves, nor by any secretary, clerk, or officer of said commission, as therein provided. Nor do they comply with chapter 421, Laws 1884, which provides that "copies of all official documents filed or deposited, according to law, in the office of the board of railroad commissioners, when certified by a member of the board or by its secretary, in the form of and pursuant to law, shall in all cases be evidence, equally and in like manner as the originals." Neither the reports read, nor the volumes in which they are found, contain the certificate of the board of commissioners, or any member thereof, its secretary, or other officer. The volumes purport to be, by statement, the report of the railroad commissioners, but they are nowhere and in nowise exemplified as the law requires to entitle them to be read as evidence. They cannot be received as the acts of public officers, or as public documents, for the same reason. 1 Greenl. Ev. (13th Ed.) § 484; Reyn. Steph. Ev. art. 71, pp. 102–105. The fact that the law requires a report from the commissioners to the legislature, and that they are authorized to distribute printed copies thereof, does not supply the requirements of the statute with respect to their being received as evidence, for, except by the aid of the statute, they could not be received. It is urged that no exception was taken to the reception of the report of 1885. The record discloses that the report was offered and objection made, as before stated, but it does not state that formal exception was taken. It is not necessary now to decide whether this record is sufficient to raise a question at this point; for when the report of 1884 was offered the defendant objected on the grounds as before, the ruling was the same, and defendant's exception was noted. This clearly raised the question, for one report was as objectionable as the other. It is further claimed that the grounds of objection are not broad enough to raise the question. We think otherwise. If the objection had been limited to its incompetency and immateriality, there would be authority for holding it not sufficiently broad. The case of *Atkins* v. *Elwell*, 45 N. Y. 753, relied upon by respondent, does not carry the rule last indicated further than this, and even there the court held that the word "incompetent" indicates a defect in the person or document, yet that its constant use has worn off its sharpness, and for this reason more specific words were thought necessary. We think this carries the rule quite as far as it ought to extend. But here the evidence was clearly irrelevant and hearsay. The objections specify in terms these defects, thus bringing it quite as sharply to the attention of the trial court as the law requires. We think, therefore, that this error requires the reversal of the judgment. Judgment reversed, new trial ordered, costs to abide event.

TITUS, J., (*concurring*.) I do not think there is any doubt about the right of the plaintiffs to maintain this action, under the peculiar facts of this case; but I think the judgment must be reversed on the ground that evidence was improperly admitted on the trial. The plaintiffs offered in evidence, from the printed, published report of the railroad commissioners to the legislature for the year 1885, the report of the defendant railroad company, made by it pursuant to chapter 353, Laws 1882. These reports of the railroad commissioners to the legislature are not made admissible as evidence either by the act

creating the board of railroad commissioners or by the Code of Civil Procedure; and, as they are inadmissible as evidence without qualifying proof, under the well-established rules of law relating to hearsay and secondary evidence, unless some statute can be found authorizing their admission in evidence, they cannot be considered competent. Chapter 421, Laws 1884, provides that "copies of all official documents filed or deposited, according to law, in the office of the board of railroad commissioners, when certified by a member of the board, or by its secretary, in the form of and pursuant to law, shall in all cases be evidence, equally and in like manner as the originals." The document offered in evidence was in no manner certified by an officer, but was read from the printed report, without preliminary proof of any character. It was objected to on the ground, among others, that it was a mere report of the railroad commissioners, and not competent evidence against the defendant. It is not now seriously claimed that this testimony was competent, but the answer made to sustain the ruling is that the objection was general, and did not point out the specific ground relied upon. It seems to me the objection clearly raises the question that it was not a' certified copy, as required by the act, and, not being so certified, was inadmissible. The objection probably could not have been obviated if the defendant's counsel had been more specific in stating the grounds on which he relied, and it is only in such cases that a general objection has been held not to be good. *Tooley* v. *Bacon*, 70 N. Y. 34. For this reason alone I think a new trial should be granted.