Hatch, J.
The main questions presented by this case have been before disposed of. Miller v. N. Y. L. & W. Railroad Co., 20 N. Y. State Rep., 157.
The facts in both cases are alike, and the disposition would be the same were it not for the ruling of the court upon questions of evidence which did not arise in the Miller case. The plaintiff, in this case, sought to prove that the defendant had paid its lessee for the construction of the embankment from which the injury complained of arose, and for this purpose offered in evidence the reports of the defendant as they appeared in the published report of the railroad commissioners of the state to the legislature. Defendant objected to its reception upon the ground that it was immaterial, irrelevant and incompetent; that it was a mere report of the railroad commissioners, and that it was hearsay testimony. The court" overruled the objection to which the defendant excepted, and the reports were read in evidence.
The volumes from which these reports were read were not the original reports of defendant, nor of the railroad *922 commissioners, but purported to be copies of the latter. They, therefore, fall within the rule defining hearsay testimony. 1 Greenleaf (13th ed.), §§ 98, 99; Reynolds’ Stephens on Evidence, art. 14, page 26.
Such testimony is clearly not admissible, unless excepted from the operation of the ordinary rule. No statute is. called to our attention and none found authorizing the reception of such testimony. It is not in compliance with section 933 of the Code, as these copies were not certified by the railroad commissioners themselves, nor by any secretary, clerk or officer of said commission, as therein provided. Nor do they comply with chapter 421, Laws 1884, which provides that ‘ ‘ copies of all official documents, filed or deposited, according to law, in the office of the board of railroad commissioners, when certified by a member of the board, or by its secretary, in the form of, and pursuant to, law shall, in all cases, be evidence equally, and in like manner, as the originals.”
Neither the reports read, nor the volumes in which they are found contain the certificate of the board of commissioners, or any member thereof, its secretary or other officer. The volumes purport to be, by statement, the report of the railroad commissioners, but they are nowhere and in nowise exemplified as the law requires, to entitle them to be read as evidence. They cannot be received as the acts of public officers or as public documents for the same reason. 1 Greenleaf (13th ed.), § 484; Reynolds’ Stephen on Evidence, art. 71, pages 102-105.
The fact that the law requires a report rrom the commissioners to the legislature, and that they are authorized to distribute printed copies thereof, does not supply the requirements of the statute with respect to their being received as evidence, for, except by the aid of the statute, they could not be received. It is urged that no exception was taken to the reception of the report of 1885. The record discloses that the report was offered and objection made, as before stated, but it does not state that formal exception was taken. It is not necessary, now, to decide whether this record is sufficient to raise a question at this point, for when the report of 1884 was offered, the defendant objected on the grounds as before, the ruling was the same, and defendant’s exception was noted. This clearly raised the question, for one report was as objectionable as the other.
It is further claimed that the grounds of objection are not broad enough to raise the question. We think otherwise. If the objection had been limited to its incompetency and immateriality, there would be authority for holding it not sufficiently broad. The case of Atkins v. Elwell (45 N. Y., 753), relied upon by respondent, does not carry the rule last indicated further than this, and even there the court held that the word “incompetent ” indicates a defect *923 in the person or document, yet that its constant use has worn off its sharpness, and for this reason more specific words were thought necessary. We think this carries the rule quite as far as it ought to extend. But here the evidence was cleaiiy irrelevant and hearsay; the objections specify in terms these defects, thus bringing it quite as sharply to the attention of the trial court as the law requires. We think, therefore, that this error requires the reversal of the judgment.
Judgment reversed, new trial ordered, costs to abide event.
Beckwith, Ch. J., did not sit in this case; Titus, J., concurs.
Titus, J.
I do not think there is any doubt about the right of the plaintiffs to maintain this action, under the Eeculiat facts of this case; but I think the judgment must e reversed on the ground that evidence was improperly admitted on the trial.
The plaintiffs offered in evidence from the printed published report of the railroad commissioners to the legislature for the year 1885, the report of the defendant railroad company made by it pursuant to chapter 353 of the Laws of 1882.
These reports of the railroad commissioners to the legislature are'not made admissible as evidence, either by the act creating the board of railroad commissioners or by the Code of Civil Procedure, and, as they are inadmissible as evidence, without qualifying proof, under the well-established rules of law relating to hearsay and secondary evidence, unless some statute can be found authorizing their admission in evidence, they cannot be considered competent.
Chapter 421 of the Laws of 1884, provides that: “ Copies of all official documents filed and deposited according to law in the office of the board of railroad commissioners, when certified by a member of the board, or by its secretary, in the form and pursuant to law, shall, in all cases, be evidence equally and in like manner as the originals.” The document offered in evidence was in no manner certified by an officer, but was read from the printed report, without preliminary proof of any character.
It was objected to on the ground, among others, that it was a mere report of the railroad commissioners, and not competent evidence against the defendant.
It is not now seriously claimed that this testimony was competent, but the answer made to sustain the ruling is, that the objection was general and did not point out the specific ground relied upon. It seems to me the objection clearly raises the question that it was not a certified copy as required by the act, and not being so certified, was inadmissible. The objection probably could not have been *924 obviated, if the defendant’s counsel had been more specific in stating the grounds on which he relied, and it is only in such cases that a general objection has been held not to be good. Tooley v. Bacon, 70 N. Y., 34.
For this reason alone, I think a new trial should be granted.
Beckwith, C. J., did not sit in this case; Hatch, J., con curs.