BACON v. PROCTOR et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. CONTRACTS—CANCELLATION BY PARTIES.
　　A mutual understanding of the parties in the formation of an oral contract that it may be canceled on two weeks' notice gives authority to either to terminate it on such notice.

2. SAME—CONSIDERATION.
　　The reciprocal release of their respective obligations by the parties to a contract is a sufficient consideration for its rescission.

3. SAME—EXECUTION—IGNORANCE OF CONTENTS.
　　The obligation of an instrument which one signs without reading is not avoided by mere ignorance of its contents.

(Syllabus by the Court.)

Appeal from trial term.

Action by Carrie Isabelle Bacon against Frederick F. Proctor and Philip T. Turner. From a judgment entered on a verdict in favor of defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

David M. Neuberger, for appellant.
P. C. Tallman, for respondents.

PRYOR, J. The appeal is manifestly without merit. The action is for damages from a breach of a contract of employment. That, by oral agreement, the plaintiff was engaged as an actress in the defendants' theatrical company, is conceded. But the defendants contend that the term of her employment was indefinite; that they had a right to discharge her on two weeks' notice; and that, by mutual consent, the contract of service was rescinded. Assuming the truth of the plaintiff's story, that her engagement was for 30 weeks, and still it appears by her own evidence that she has no cause of action. She testified as follows:

"Q. Isn't there a custom, which has grown into law, that any artist or any manager can, by giving two weeks' notice, cancel a contract? A. It is. Q.

You could have two weeks' notice, and canceled your engagement, your contract, and they could have given you the same? A. Yes, sir. Q. In giving two weeks' notice to the defendants you could have canceled this contract that you made with Mr. Turner, and on their giving you two weeks' notice it could also be canceled? A. Yes, sir."

The two weeks' notice to plaintiff being an undisputed fact, what is left of her case? At this point the court might well have stopped the trial by a direction for the defendants. Counsel for the plaintiff contends that the evidence was inadmissible, because "immaterial and irrelevant." Material and relevant in an emphatic sense, it was beyond controversy; and, if incompetent, its exclusion should have been demanded on that specific ground. Tooley v. Bacon, 70 N. Y. 34, 37. The answer, besides taking issue on the allegation of an engagement for a definite term, affirmatively pleaded a contract subject to termination on two weeks' notice. The question, as seeming to call for a conclusion of law, may have been irregular; but, the response being the statement of a fact, the plaintiff is not prejudiced.

Again, plaintiff admits that, on payment of her last week's wages, she subscribed the following document: "Received from Messrs. Proctor and Turner payment in full for all salary, liability, indebtedness, and cancellation of contract for the season." Here is a mutual agreement of rescission, and upon an adequate consideration in the reciprocal release by the parties of their respective obligations. Plaintiff says she did not read the paper. But what of it? It was her own fault and folly to sign without reading; and in the absence of fraud upon her, of which there is no proof, she is bound by the paper, though ignorant of its contents.

It is obvious from the grounds upon which we dispose of the appeal that none of the imputed errors in the record are of possible detriment to the plaintiff. Judgment and order affirmed, with costs. All concur.