(21 Misc. Rep. 317.)

## GILROY v. LOFTUS.

(Supreme Court, Appellate Term. October 1, 1897.)

1. PARTNERSHIP—EVIDENCE—COMPETENCY.

Upon the trial of an action to recover for services, brought against W. and J. as partners, certain acts of J., tending to support the inference of his membership in the firm, were proved. J., to corroborate his denial of the co-partnership, offered certain witnesses to show that they were familiar with the business, or had dealt with him and W., and had no knowledge of the existence of the alleged co-partnership. This evidence was excluded. *Held* no error.

2. SAME—DECLARATIONS IN INTEREST.

Declarations of a party to commercial agencies and to other third parties are not admissible in his own interest to disprove his membership in a co-partnership.

3. SAME—ACCOUNT BOOKS.

J. conducted a wholesale or jobbing business by himself in one store. The alleged firm, consisting of W. and J., carried on the business of retail tailors at other places, and bought from J. To disprove the existence of a co-partnership, J. offered the testimony of an accountant to show, as the result of an examination of the books of J.'s separate business, the relation of J. with W. This was excluded. *Held* no error.

4. SAME—TESTIMONY OF LEGAL ADVISER.

Defendant J. also offered the testimony of the legal adviser of J. and W., as to whether W. had a partner, and, if so, who he was. This was excluded. *Held* no error.

5. TRIAL—EVIDENCE—OBJECTIONS.

Where evidence offered and excluded is such that it could not be made competent, its exclusion may be sustained on appeal, although it was objected to at the trial as being only immaterial and irrelevant, and not as incompetent.

6. PARTNERSHIP—CONTRACTS—POWER OF PARTNERS.

The fact that a contract for services is signed by one partner only does not preclude a recovery against the co-partnership, where an intention to make it not an individual, but a co-partnership, obligation, is disclosed.

Appeal from city court of New York, general term.

Action by John J. Gilroy against Thomas J. Loftus and W. C. Loftus. A judgment for plaintiff, rendered on a verdict, was affirmed by the general term of the city court (45 N. Y. Supp. 1141), and defendant Thomas J. Loftus appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Wales F. Severance and Oppenheimer & Severance, for appellant.
Thomas F. Gilroy, Jr., and Wensley & Gilroy, for respondent.

DALY, P. J. The action was brought to recover for certain advertising done by the plaintiff for W. C. Loftus & Co., and the plaintiff sued Thomas J. Loftus, this appellant, together with W. C. Loftus, as co-partners, composing the firm of W. C. Loftus & Co. The appellant, by separate answer, denied the co-partnership, and that was the issue upon which the jury found in favor of the plaintiff. Evidence was given by the plaintiff of statements made by the appellant which were claimed to constitute an admission that the latter was a co-partner, and that the plaintiff relied upon these statements, as furnishing the ground of the recovery against the appellant by estoppel; but the plaintiff also claimed, upon the evidence, that the actual fact of the co-partnership was established by the defend-

ant's acts, as well as his admissions, and the jury were instructed that they were to find upon two questions: (1) Whether there was an actual co-partnership, and (2) whether the appellant held himself out to the plaintiff or the plaintiff's representative as a partner. As the jury were at liberty to render their verdict for the plaintiff upon either of the two propositions submitted to them, and as they may have found in favor of the plaintiff upon the theory of an actual co-partnership, and not upon the basis of the admissions upon which the plaintiff relied, it is necessary to inquire whether there was error, as claimed by the appellant, in the rejection of testimony upon the former issue. The plaintiff gave evidence tending to show by the acts and declarations of Thomas J. Loftus that he was interested in the business carried on under the name of W. C. Loftus & Co. The defendants offered certain evidence for the purpose of disproving the alleged co-partnership, but this evidence was excluded by the court. It should be understood that during the period that the alleged co-partnership was said to exist the defendants, who were brothers, had apparently separate places of business; one being a wholesale or jobbing business in dry goods, etc., in Walker street, carried on by Thomas J. Loftus, separately, and the others being retail shops, to the number of six, in different parts of the city, where W. C. Loftus & Co. carried on the business of retail tailors and manufacturers of clothes to order. The plaintiff endeavored to show that Thomas J. Loftus was a partner of W. C. Loftus in the business carried on in these tailoring establishments, and was therefore jointly liable for advertising for which W. C. Loftus contracted with the plaintiff.

The plaintiff proved certain acts and admissions of Thomas J. to support the inference that he was interested in this business. These admissions were denied, but it was unquestioned that Thomas J. exercised authority and control over the finances and the employés of the shops conducted in the name of W. C. Loftus & Co. W. C. Loftus was not offered as a witness, but Thomas J., who alone defended the action, went upon the stand, and explained that in his transactions with regard to the business of W. C. Loftus he acted under the instructions and at the request and for the benefit solely of his brother; that his actual relations with the latter were that of creditor and seller of goods; that it was only to secure himself for the indebtedness which was thus created that he took possession of all the money receipts and remittances coming to W. C. Loftus in the several shops, and made disbursements therefrom needed in the business; and that he had no interest, and shared in no profits, in the said business. To corroborate his denial of the co-partnership he offered certain witnesses to show that they were familiar with the business, or had dealt with him and his brother, and had no knowledge of the existence of the alleged co-partnership. This evidence was excluded, and the question is, was it competent? The acts of Thomas J., tending to support the inference of the joint interest, having been proved (principally by his own testimony), how would it affect the inference to be drawn from his acts to listen to witnesses, no matter how closely connected with the parties, who

could only testify that they had never seen acts indicating a co-partnership, or had never heard of such co-partnership, or that the fact of co-partnership had never been disclosed to them? If Thomas J. Loftus denied the alleged admission to the plaintiff that he was a co-partner, how is his denial corroborated by showing that he never made such admissions to any one else? If certain acts of his indicate that he was a co-partner, how were they explained or affected by proof of other acts witnessed by other parties which would not tend to support the charge?

We may dismiss, without argument, the defendant's attempt to prove his own or his brother's declaration to the commercial agency and to other parties as to the co-partnership, for such declarations of parties in their own interests were never admissible upon such an issue. The exclusion of testimony of an accountant as to the result of his examination of books kept by Thomas J. Loftus, showing, as he said, his business relations with his brother, was certainly proper, for he was concededly carrying on an independent wholesale business, and his books would only show, it may be assumed, what he swore to in his testimony, viz. that his relations with W. C. Loftus were merely those of seller and creditor. How would it strengthen his testimony to produce the entries which he had made to that effect, and when are entries made by a party, or under his direction, admissible to corroborate his oral testimony of his transactions, except to show, in a disputed case, to whom a credit was given? But it may be urged that when the legal adviser of W. C. Loftus and the appellant was placed on the stand his testimony as to whether W. C. Loftus had a partner, and who that partner was, differed in character from the other excluded testimony. This suggestion can only be based upon the assumption that the actual truth of the relation of the parties would be disclosed by the defendants to their counsel, and that, if they did not confide such an arrangement as a co-partnership to him, it might be inferred by the jury that none existed. But is this, after all, anything more than an attempt to prove the declarations of the parties in their own interests? If the object was to show that the witness had heard no statements, and had seen no documents, and witnessed no transactions from which a co-partnership could be inferred, then the case is not much better than that of the offender who proposed to rebut the proofs of his guilt, furnished by witnesses of the act, by calling a much greater number of witnesses to testify that they had not seen it. The rulings of the court excluding his testimony were made upon objections, in some instances, that it was incompetent, and in others that it was merely immaterial and irrelevant. As this evidence could not be made competent, the exclusion upon the objections mentioned may be sustained. Tooley v. Bacon, 70 N. Y. 34.

A great number of exceptions were taken by appellant to the rulings of the court upon requests of both parties for instructions, and to modifications by the court of certain of such requests. It appears from the case that the jury were fully and fairly and correctly instructed as to the law upon the issues before them, and none of the exceptions disclose error. The exceptions to rulings upon

the evidence and upon the appellant's motions were not well taken. The fact that the contract for advertising was signed by W. C. Loftus alone does not preclude a recovery against the co-partnership, since it discloses an intention to make it, not an individual, but a co-partnership, obligation.

The judgment should be affirmed.    All concur.

---

(21 Misc. Rep. 348.)

### YENDEL v. WESTERN ASSUR. CO.

(Supreme Court, Appellate Term.    October 1, 1897.)

1. INSURANCE—ARBITRATION CLAUSE.

A policy of fire insurance may contain a valid and enforceable arbitration clause, and a failure to comply with it, if due to the fault of the party who brings an action on the policy, may be invoked as a defense by the other party.

2. SAME—REFUSAL TO ARBITRATE.

3. SAME—TOTAL DESTRUCTION OF PROPERTY.

Appeal from Fifth district court.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.