### DEAN v. GILMORE et al.

#### (Supreme Court, Appellate Term. February 23, 1900.)

DISCHARGE OF EMPLOYE—WAGES—ACCORD AND SATISFACTION.

Where an employé, at the time of her discharge, accepts the amount paid by her employer, there being a dispute as to the amount, and gives a receipt in full, this constitutes an accord and satisfaction, and precludes any subsequent action for a balance alleged to be due, though the employé signed the receipt without reading it.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Lillian Dean against Bernard Gilmore and another to recover for services rendered. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

William Grossman and Joseph Fischer, for appellants.
James F. Higgins, for respondent.

PER CURIAM. The testimony of the plaintiff shows that there was a dispute between herself and the defendants as to the amount due her at the time of her discharge from their employment; that she accepted what the defendants paid her, and gave them a receipt in full. This constituted an accord and satisfaction, and called for a dismissal of the complaint. The plaintiff sought to avoid the effect of the transaction on the ground that when she signed the receipt she did not read it. But there is no claim or proof that she was in any way imposed upon in the matter, so that the explanation offered in no way affects the legal effect of what she did. Bacon v. Proctor, 13 Misc. Rep. 1, 33 N. Y. Supp. 995. It follows that the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.