## SMITH v. McELWEE.

### (City Court of New York, General Term. March 26, 1901.)

1. EVIDENCE—ADMISSIBILITY.

    In an action for the price of goods, where there was no allegation that they were sold on credit, a question, "Did the seller at any time refuse to give credit for the goods?" was inadmissible, as assuming a fact not in proof.

2. SAME—OBJECTIONS.

    Where evidence was excluded on a general objection, the ruling will be upheld, if any ground exists for the exclusion, where there was no request to make the objection more definite.

Appeal from trial term.

Action by Edwin R. Smith against Alexander McElwee. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and DELEHANTY, JJ.

Richard J. Morrisson, for appellant.
Nichols & Bacon, for respondent.

SCHUCHMAN, J.   The questions on this appeal are mainly as to the correctness of rulings on the trial rejecting or receiving evidence. The cause of action is brought to recover for goods sold and delivered to the defendant. The answer is a general denial. The witness F. D. Anthony, called on behalf of the plaintiff, was asked on his direct examination by plaintiff's counsel the question: "Did Mr. Smith at any time refuse to give the firm of F. D. Anthony & Co. credit for these goods?" Objected to. Objection sustained. Exception taken. The defendant, Alexander McElwee, was asked on his cross-examination by plaintiff's counsel the question: "Was F. D. Anthony & Co. a responsible corporation?" Objected to. Objection sustained. Exception taken. The appellant claims that these objections were too vague and indefinite, and did not specify the grounds of objection, and for that reason should have been overruled. Both questions call for a conclusion. The witnesses should state the facts and circumstances, from which the jury can draw the conclusion, and thus the functions of the jury should not be exercised by the witnesses. As to the first question, it is leading, and it is nowhere in the case asserted that the goods were sold or attempted to be sold on credit. It assumes, therefore, a fact not in proof. As to the second question, the answer thereto was brought out afterwards. The certificate of incorporation was introduced in evidence, showing that the F. D. Anthony Company was incorporated for $5,000; and A. J. Anthony testified that the defendant, McElwee, subscribed $4,500 thereof, and paid in such a portion as the directors saw fit to require, or as was required by law, which he believed in a year should be 50 per cent. of the capitalization, and that that 50 per cent. was paid. F. D. Anthony testified that he could not tell how much McElwee had put in.

The objections were not vague and indefinite, because the rule of law is:

"Where evidence is excluded upon a mere general objection, the ruling will be upheld upon appeal if any ground in fact existed for the exclusion. It will be assumed, in the absence of any request on the part of the opposing party or the court to make the objection more definite, that it was understood, and that the ruling was placed upon the right ground. Where, however, evidence is received under a general objection, the ruling will not be held erroneous unless there be some ground which could not have been obviated if it had been specified, or unless the evidence, in its essential nature, be incompetent." Tooley v. Bacon, 70 N. Y. 34.

The certificate of incorporation was properly admitted. No objection was made that it did not come from the proper file.

The verdict is not against the weight of evidence. On the contrary, the evidence preponderates heavily in favor of the defendant.

For these reasons, the judgment and order appealed from are affirmed, with costs. All concur.