(81 App. Div. 328.)

SMITH v. COWLES et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. PARTNERSHIP—DISSOLUTION OF FIRM—INTEREST IN REAL ESTATE—HEIR OF DECEASED PARTNER.

Where the assets of a partnership are sufficient to meet the firm's obligations, partnership realty, in the absence of any agreement between the partners to the contrary, retains its character as realty, and on the death of one of the partners descends to his heirs, as tenants in common with the surviving partners.

¶ 1. See Partnership, vol. 38, Cent. Dig. § 522½.

**2. APPEAL—GENERAL OBJECTIONS—INSUFFICIENCY.**

Where commissions to take testimony appeared to be regular on their face, a general objection to their introduction on the ground that they did not comply with the provisions of the Code was not a sufficient basis on which to predicate error in issuing the commissions without a proper order of the court, or consent to the interrogations attached thereto.

Appeal from Warren County Court.

Action by Mary Ann Smith against Mary Ann Smith as administratrix, etc., Benjamin S. Cowles, and others. From an interlocutory judgment, defendant Cowles appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

Ashley & Williams, for appellant.

A. & L. Armstrong, for plaintiff respondent.

S. & L. M. Brown, for defendant respondents.

CHESTER, J. The appellant, Cowles, and one Horace S. Crittenden, now deceased, were copartners doing business as dealers in books, stationery, and fancy goods. The copartnership was dissolved by the death of Crittenden in 1900. In September, 1891, during the existence of the partnership, they purchased a house and lot in Grove avenue, in the village of Glens Falls, and took the title in their individual names. They gave a mortgage upon it for $1,800, and a mortgage for that amount is still held by respondents Faxon and others, which is a lien upon the property. The balance was paid out of partnership funds, and the account with reference to the house and lot was carried in the partnership books. The property was not used in the partnership business. The property was not used in the partnership business. The plaintiff, as one of the heirs at law of Crittenden, insists that he and the appellant held the property as tenants in common, and that when Crittenden died intestate his undivided one-half interest descended to his heirs. The appellant, on the other hand, insists that the property was partnership property, that there has been no accounting of the partnership matters, and that it is necessary to resort to whatever equity there was in this property for the purpose of adjusting the partnership affairs.

The Court of Appeals, speaking by Andrews, C. J., in the case of Darrow v. Calkins, 154 N. Y. 514, 49 N. E. 64, 48 L. R. A. 299, 61 Am. St. Rep. 637, says:

"The clear current of the American decisions supports the rule that in the absence of any agreement, express or implied, between the partners to the contrary, partnership real estate retains its character as realty, with all the incidents of that species of property, between the partners themselves, and also between a surviving partner and the real and personal representatives of a deceased partner, except that each share is impressed with a trust, implied by law, in favor of the other partner, that, so far as is necessary, it shall be first applied to the adjustment of partnership obligations, and the payment of any balance found to be due from the one partner to the other on winding up the partnership affairs. To the extent necessary for these purposes, the character of the property is, in equity, deemed to be changed into personalty. On the death of either partner, where the title is vested in both, the share of the land standing in the name of the deceased partner descends as real estate to his heirs, subject to the equity of the surviving partner to have it appropriated to accomplish the trust to which it was primarily subjected."

There was no agreement shown between the partners here that the property in question was to be held by them as partnership property, and in fact the evidence of the appellant shows very clearly that the property was purchased as an investment by them. The court below has so found upon sufficient evidence, and also that the firm was not dealing in real estate, and that the premises were not used in the partnership business. There is no testimony as to the condition of the partnership affairs at the time of Crittenden's death, but it appeared that at the time of the trial the entire indebtedness of the firm was upon a note to the appellant as trustee, and amounted to a little over $600, and that the firm had something over $300 in cash on hand, and accounts worth $100. It also appeared that the appellant was indebted to the firm to the amount of at least $400, and that the appellant had divided $2,400 of the personal assets of the firm about eight months after Crittenden's death between Crittenden's administrator and himself. It thus appeared that Cowles had had sufficient personal property in his hands as surviving partner to enable him to settle up all the firm debts without resorting to the real estate, and upon this showing I do not think, after the appellant has so divided more than sufficient of the firm's personal assets to liquidate all firm debts, that he is in a position to urge that the share of Crittenden in this real estate is now impressed with a trust in his favor, to enable him to pay the only remaining debt of the firm which is due to him as trustee, and especially not when, if he refunds the amount he has overdrawn, he will, with that, still have on hand more than sufficient to pay such debt. Nor does this conclusion furnish inadequate protection to the firm creditor, who in this case is the appellant himself as trustee, for he is not insolvent, as he owns an undivided one-half of the property sought to be partitioned, and on the trial swore it was worth considerable more than the mortgage. So I think it is clear in this case that there is no necessity for any resort to the real estate for the payment of any of the firm debts, or for the adjustment of any balance between the members of the firm. That being so, the plaintiff can properly maintain her action for partition.

Upon the trial the plaintiff offered in evidence commissions to take the testimony of two witnesses, and these were objected to by the defendant Cowles on the ground that they were not issued in accordance with the provisions of the Code of Civil Procedure, and that the return was not proper. The objection was overruled, the commissions received in evidence, and an exception taken. It is urged upon the appeal that there was no order of the court for the issuance of these commissions, and no consent to the interrogatories attached thereto, and that the only orders for the commissions were orders entered by the clerk without any direction of the court or justice thereof. The respondents' counsel, in answer to this, has handed up to the court certified copies, from the files of the clerk's office, of stipulations in this action signed by the appellant's attorneys, agreeing that the order for these commissions might be entered by the clerk without notice, and consenting to the interrogatories in question, which are annexed thereto; but these stipulations, not being in evidence, and therefore not in the record, cannot be considered by us in determining this

appeal; nor is it necessary for us to do so to sustain this judgment, for, in our opinion, the objection made to the receipt in evidence of the commissions, and the evidence taken thereunder, was not sufficient to justify the court in rejecting them. They appear to be regular upon their face. The objection was simply a general one—that they were not issued in conformity to the Code. Nothing was pointed out in the objection to indicate in what respect they did not so conform, and it is well settled that a general objection based upon grounds not disclosed will be disregarded upon appeal unless it clearly appears that the objection, if properly made, would have been decisive of. the case, and could not have been obviated, or unless the evidence, in its essential nature, was incompetent. Tooley v. Bacon, 70 N. Y. 34; Quinby v. Strauss, 90 N. Y. 664; Stouter v. The Manhattan Railway Co., 127 N. Y. 661, 27 N. E. 805; Wallace v. The Vacuum Oil Co., 128 N. Y. 579, 27 N. E. 956. Here, if the specific defect now insisted upon had been specified in the objection, the court would have known what he was called upon to decide, and the respondent's attorney would have had an opportunity to have shown, if he could, either that the law had been complied with, or that its provisions had been waived by the party making the objection. So I think this judgment should not be reversed because of this ruling, nor do I find any reversible error in the other matters called to our attention by the appellant.

The judgment should be affirmed, with costs. All concur.