H. T. E. Beardsley, Inc., Appellant, *v.* American Fidelity Company, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Evidence — when properly received — action to recover commissions for obtaining indemnity policy — pleading — bill of particulars — witness — contracts.

In an insurance broker's action to recover a commission for obtaining an indemnity policy for D., the complaint alleged that plaintiff had previously procured such a policy from defendant for the same party who had promised that, in the event of his securing a certain contract in connection with which the second policy was required, he would employ plaintiff to procure it, and that defendant, when the first policy was issued, agreed that if plaintiff secured for it the issuing of the second policy it would furnish it, but there was no allegation that defendant promised to pay a commission. On the trial, evidence given in support of the complaint was substantially denied by defendant's manager and his version of the transaction was supported by the testimony of D. who admittedly was disinterested in the controversy. The testimony of a witness for plaintiff, amply qualified and wholly disinterested, that it was the custom for indemnity insurance companies, after having issued a policy, to pay the broker who introduced the insured commissions on all future business obtained from the same customer, was objected to as incompetent, irrelevant and immaterial. *Held,* that as the plain implication of the complaint, which was not challenged in any respect, was that defendant had become obligated to pay the commissions sued

for, but whether by express or implied agreement was not suggested, the testimony offered was in nowise at variance with the complaint or the bill of particulars and was properly received.

That said testimony as to custom being uncontradicted and its accuracy and truth unshaken in the slightest degree on cross-examination of the witness should be accepted as determinative.

That as said testimony was not to the effect that the custom testified to was local, but was sufficient to show that it was a universal and binding custom in the line of insurance brokerage, there was no error in its admission, nor was it necessary to prove that it was known to defendant.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendant, after a trial by a judge without a jury.

Sharon Graham, for appellant.

Elkus, Gleason & Proskauer (William E. Collins, of counsel), for respondent.

BIJUR, J.   Plaintiff, an insurance broker, sued for its commission in procuring a policy of indemnity in the amount of $100,000 issued by the defendant to one DeMarco.  The complainant alleges that plaintiff had procured for DeMarco an indemnity policy from the defendant in a previous transaction, and that at that time DeMarco had promised plaintiff that if he secured a certain contract in connection with which the $100,000 indemnity bond was required he would employ plaintiff to procure such bond, and that the defendant at the time it agreed to issue the first bond also agreed that, if plaintiff secured for it the issuing of the second bond, it would furnish the bond.

Plaintiff's president gave evidence in support of the allegations of the complaint.  The defendant's man-

Supreme Court, Appellate Term, February, 1917. [Vol. 98.

ager testified substantially in denial thereof, and his denials and generally his version of the transaction were supported by the testimony of DeMarco, who was admittedly disinterested in the controversy.

The learned judge below said in his opinion that he believed the version of the facts as testified to by DeMarco, and so far as this appeal is concerned there is no ground for disturbing that finding. A difficulty, however, arises in connection with another element of the proof. Plaintiff, after testifying as I have indicated, put upon the stand a witness amply qualified, and, so far as appears, entirely disinterested, who testified that it was the custom for indemnity insurance companies after having issued a policy in favor of a person introduced to them by a broker to pay that broker commissions on all future business obtained from the same customer in the ordinary course of business. The only objection interposed by defendant's counsel to this line of testimony was that the testimony was "incompetent, irrelevant and immaterial."

The respondent now claims upon this appeal that this evidence was inadmissible because not within the pleadings as framed, the plaintiff having declared upon an express contract, whereas by this evidence he was seeking to recover upon one implied by the custom of the trade. That contention is not supported by the pleadings. The complaint, strange to say, pleads no promise at all on the part of the defendant to pay the commission involved, but only an agreement of the defendant to furnish the bond for $100,000, if it should be required to do so. The bill of particulars says merely "The agreement with the defendant was oral and was had with Cecil Platt." No objection was made, either before or at the trial, to the sufficiency of the complaint, and it does not, therefore, seem to have been challenged in any respect. It is plain that its implica-

tion was, of course, that defendant had become obligated to pay the commission sued for, but whether by express or implied agreement is not even suggested. The testimony offered, therefore, was not in anywise at variance with the complaint or the bill of particulars.

The respondent also urges that the custom as testified to is so extraordinary and opposed to common sense as to be practically incredible. On the contrary, it seems to me to be perfectly reasonable. Moreover, as the testimony of this witness was uncontradicted, and its accuracy and truth unshaken in the slightest degree on cross-examination, I can see no reason for not accepting it as determinative. *Hull* v. *Littauer,* 162 N. Y. 569; *Second Nat. Bank* v. *Weston,* 172 id. 250. Respondent further claims that no proof was offered that the custom was known to defendant; but, apart from the fact that no such objection was suggested to the testimony at the trial, the rule which respondent invokes relates to proof of a *local* custom when offered against a person who neither resides nor does business in that locality. See, for example, *Higgins* v. *Moore,* 34 N. Y. 425. Furthermore, the evidence was *not* to the effect that this was a *local* custom.

The learned judge below said in his opinion that "the plaintiff has failed to sustain the burden of proof as to the question of a universal and binding custom in this line of brokerage." It is not clear to me what the precise ground of the court's criticism as thus expresed may have been. The testimony of the witness referred to was to the effect that a custom existed to pay commissions to the broker who had first introduced a customer on all transactions thereafter with the same customer. The subject was gone into minutely, and repeated questions asked about the same, and the witness' answers were complete, clear and positive. No specific objection was taken or suggested

either to the competency of the witness or the form of the questions, and no objection is now urged in the brief other than on the grounds which I have discussed. There was, therefore, clearly no error in admitting this testimony. See, also, *Tooley* v. *Bacon,* 70 N. Y. 34; *Bergmann* v. *Jones,* 94 id. 51, 58.

Judgment reversed, new trial granted, with thirty dollars costs to appellant to abide the event.

Guy and Mullan, JJ., concur.

Judgment reversed, new trial granted, with costs to appellant to abide event.